**Julio Correa OSORIO, et al., Plaintiffs,**

v.

**VETERANS ADMINISTRATION,
Defendant.**

**Civ. No. 80–2219.**

United States District Court,
D. Puerto Rico.

March 31, 1981.

Iván Pagán Hernández, Carolina, P. R., for plaintiffs.

Roberto Moreno, Asst. U. S. Atty., Hato Rey, P. R., for defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

A complaint was filed in this case on October 17, 1980, alleging, inter alia, that defendant had denied service connected disability compensation in violation of 42 U.S.C. § 1343(4)[1] and 1983. Plaintiff's prayer was generally directed towards a review of the agency's decision as being factually and lawfully unwarranted.

Defendant proceeded to move for dismissal of this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that this Court lacks subject matter jurisdiction to entertain this action and that the Veterans Administration is not a proper party defendant. The Court agrees with defendant's contentions.

### Findings of Fact

Plaintiff's numerous claims for service-connected disability compensation for his nervous condition date back to September 9,

---

1. Title 42 of the United States Code contains no subsection 1343(4). This Court believes plaintiff intended to assert jurisdiction under Section 1343(a)(4) of Title 28 of the United States Code, and under that light we have viewed this action.

1955. All of plaintiff's claims for benefits for a service-connected disability have been denied by the Veterans Administration or the Board of Veterans Appeals.

However, plaintiff is receiving monthly veteran pension benefits which are not based upon a service-connected disability.

It was not until February 1978 that plaintiff first alleged discrimination by the Veterans Administration because of the agency's denial of his claim for compensation for his nervous condition, ulcers and arthritis. Said agency's determination was later reaffirmed by the Board of Veterans Appeals. After reconsideration by the Board plaintiff filed the instant complaint.

### Conclusions of Law

Defendant in support of its motion to dismiss first contends that this Court lacks jurisdiction over the subject matter of the action. We concur.

It is to be noted that plaintiff's complaint asserts jurisdiction under Sections 1343(4) and 1983 of Title 42, U.S.C., and more obviously, there is no Section 1343. We forcibly have to conclude that plaintiff refers to Section 1343(a)(4) of Title 28, U.S.C., which provides original jurisdiction to the District Courts for civil action "to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote". We are cognizant of this fact and have proceeded to review this case under the parameters of 28 U.S.C. § 1343(a)(4).

The United States Supreme Court in the recent case of *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (5 Cir., 1979) construed the jurisdictional grant under 28 U.S.C. § 1343(4), now 28 U.S.C. § 1343(a)(4). Plaintiff in that case claimed that New Jersey officials denied emergency assistance funds which resulted in a deprivation of a right to such assistance within the meaning of Section 406(e)(1) of the Social Security Act. The Court concluded that the Social Security Act does not deal with the concept of equality or with the guarantee of civil rights as those terms are commonly understood. Further, the Congressional intent when framing Section 1343(4) was to provide jurisdiction for actions dealing with those civil rights enumerated in 42 U.S.C. § 1985. The Court noted it is inappropriate to "read the jurisdictional provisions to encompass new claims which fall well outside the common understanding of their terms". This Court gives a similar construction to statutes providing for veteran-related benefits and will not interpret them as acts providing for the protection of civil rights.

■ With respect to the Section 1983 claim, plaintiff has failed to allege in what manner, if any, defendant has acted under color of state law to deny any of his claims. The administration of Veterans Administration benefits is governed exclusively by federal law, and, therefore, no action under Section 1983 lies against federal officials acting pursuant to federal law. *Soldevila v. Secretary of Agriculture of the United States*, 512 F.2d 427, 429 (1 Cir., 1975).

■ Since plaintiff has not come forward with any supported allegation of racial discrimination, it is obvious that what plaintiff really seeks is judicial review of the agency's denial of his service-connected claims. We find that such a course of action is statutorily precluded in no uncertain terms by 28 U.S.C. § 211(a). The intent of Congress is clearly to insulate administrative decisions of the Veterans Administration from judicial review, as manifested through the predecessors of the statute now codified as Section 211(a). See H.R.Rep.No. 1166, 91st Congress, 2d Session 8–11 (1970), reprinted in U.S.Code Congress and Administrative News 3723–3743.

The administration of veterans benefits is exclusively within the province of the agency and not the federal courts. *Moore v. Johnson*, 582 F.2d 1228 (9 Cir., 1978); *de Rodulfa v. U. S.*, 461 F.2d 1240 (D.C.Cir., 1972), cert. den. 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220. Congress' twofold purpose in enacting the no review clause was to prevent an overwhelming burden on both the agency and the courts that would result from allowing judicial review and to pre-

vent the courts from becoming involved in day-to-day determinations and interpretations of agency policy. The clause insures that agency decisions in highly technical and complex cases are uniformly made. *Johnson v. Robison*, 415 U.S. 361, 370, 94 S.Ct. 1160, 1167, 39 L.Ed.2d 389 (1973).

Plaintiff, through his unsupported allegation of racial discrimination, seeks to circumvent Congress' intent and in substance this litigation is an attempt to obtain our review of the Veterans Administration's denial of plaintiff's service-connected claims. This Court will not be misled by such actions.

Lastly, the Veterans Administration has been named as sole defendant, and the agency contends there is no jurisdiction for this action against the agency. The Veterans Administration, under current law, is not a suable entity. See in this regard *State of Colorado v. Veterans Administration*, 430 F.Supp. 551 (D.Colo., 1977) affirmed 602 F.2d 926 (10 Cir., 1979); *ESP Fidelity Corp. v. H.U.D.*, 512 F.2d 887 (9 Cir., 1975); *Evans v. U.S.V.A. Hospital*, 391 F.2d 261 (2 Cir., 1968), cert. den. 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 589 (1968); *Fermin v. Veterans Administration*, 312 F.2d 554 (9 Cir., 1963), cert. den. 375 U.S. 864, 84 S.Ct. 135, 11 L.Ed.2d 91 (1963); *Benson v. City of Minneapolis*, 286 F.Supp. 614 (D.C.Minn., 1968). Thus, the Veterans Administration must be dismissed as defendant since there lies no jurisdiction against the Veterans Administration.

In view of the Court's findings of fact and conclusions of law, defendant's Petition to Dismiss, is hereby GRANTED.

IT IS SO ORDERED.