**Angel R. CABIYA SAN MIGUEL and Mrs. Gloria Burgos De Cabiya, etc., Plaintiffs,**

v.

**The UNITED STATES VETERANS ADMINISTRATOR, et al., Defendants.**

**Civ. No. 84–0025 GG.**

United States District Court, D. Puerto Rico.

Aug. 21, 1984.

Angel R. Cabiya San Miguel, pro se.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendants.

OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiffs Angel R. Cabiya San Miguel and Gloria Burgos de Cabiya, brought this action individually and on behalf of the conjugal partnership constituted by them, and of their two daughters and one son, against the United States Veterans Administration (the Administration), the United States Attorney General and John Doe, for retroactive payment of benefits. Defendants have moved to dismiss and/or for summary judgment in their favor for lack of subject matter jurisdiction on the ground that 38 U.S.C. § 211(a) precludes judicial review of all decisions of the Veterans Administration relating to benefits. They have attached to their motion a sworn statement of Magda R. Pérez, Assistant Adjudication Officer of the Veterans Administration.

It appears that prior to 1980 co-plaintiff Angel R. Cabiya (Cabiya) had been receiving monetary benefits from the Administration for a service connected nervous condition. He received benefits for the nerv-

ous condition and for individual unemployability but effective September 9, 1980 his unemployment benefits were terminated and his nervous condition evaluation changed from 70% disability to 100%. Thereafter on January 28, 1983, the Administration notified co-plaintiff of the reduction in his nervous condition evaluation from 100% to 0% effective April 1, 1983. Furthermore, the Administration notified him on October 25, 1983 of the termination of all benefits and of his appeal rights. Consequently, he filed a notice of disagreement to the decision on November 1, 1983. Following the administrative procedure, on May 16, 1984 the Administration sent co-plaintiff a statement of his case to enable him to make the best possible argument to the Board of Veterans Appeals as to why the Administration's decision should be changed. Cabiya was granted sixty days in which to raise his argument. Nonetheless, he seemingly failed to do so and thereafter filed this action on January 5, 1984.

Section 211(a) of 38 U.S.C. provides in relevant part:

... the decision of the administrator on any question of law or fact under any law providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

In *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389, the Supreme Court upheld the validity of Section 211(a). Specifically, the Court held:

The prohibitions would appear to be aimed at review only of those decisions of law or fact that arise in the *administration* by the Veterans Administration of a *statute* providing benefits for veterans. A decision of law or fact 'under' a statute is made by the Administrator in the interpretation or application of a particular provision of the statute to a particular set of facts. *Id.* at 367, 94 S.Ct. at 1166.

The Court, however, made clear that constitutional challenges, not to a decision of the Administrator, but rather to decisions of Congress were reviewable. *Id.*

Furthermore, exceptions to the no-review clause have been allowed only after careful consideration of the two primary purposes identified in *Johnson:*

(1) to insure that veterans' benefits claims will not burden the courts and the Veterans Administration with expensive and time-consuming litigation, and

(2) to insure that the technical and complex determinations and applications of Veterans Administration policy connected with veterans' benefits decisions will be adequately and uniformly made.

415 U.S. at 370, 94 S.Ct. at 1167. *See Ryan v. Cleland*, 531 F.Supp. 724, 729 (E.D.N.Y.1982).

■ Plaintiffs assert that the Administration's decision deprived Cabiya of his benefits without due process of law. The attack is thus against the agency's application of a statute providing benefits to a veteran, and not to the constitutionality of the statute the Administration is charged with administering. As such, the administrative action cannot be reviewed by this court in light of Section 211(a), *Johnson* and its progeny. This court therefore, lacks jurisdiction over the subject matter of the complaint.

In declining to review the agency's decision we are insuring that the second objective enunciated in *Johnson*, uniformity of technical and complex determinations and applications of the Administration's policies, be not paid mere lip service.

■ Furthermore, the fact that plaintiffs have couched their allegations in constitutional terms, a due process violation, does not trigger the narrow exception to Section 211(a) established in *Johnson. Anderson v. Veterans Administration*, 559 F.2d 935, 936 (5th Cir.1977); *Ross v. United States*, 462 F.2d 618 (9th Cir.1972). Naked allegations of constitutional violations standing alone do not give rise to actionable causes which may seek relief from this court.

In view of the foregoing, defendants' motion to dismiss is hereby granted. The clerk is instructed to enter judgment accordingly.

SO ORDERED.