Diana R. DYER, Plaintiff,

v.

Harry N. WALTERS, Veterans' Administration, USA, Edwin Meese, Defendants.

No. 86–2645C(4).

United States District Court, E.D. Missouri, E.D.

Oct. 6, 1986.

James A. Stemmler, Lupo & Stemmler, St. Louis, Mo., for plaintiff.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This motion is before the Court on defendants' motion for summary judgment.

Plaintiff Diane Dyer seeks review of the final decision of the Board of Veteran Appeals, or in the alternative, requests the Court to find the Veterans Administration procedures and relevant statutes as unconstitutional and remand the matter to the Veterans Administration for rehearing.

Plaintiff filed a claim with the Veterans Administration for service connected disability compensation. The claim was denied. Plaintiff timely filed an appeal and was granted a hearing before the rating board. After review of the complete record the rating board reconfirmed the prior denial of plaintiff's claim for benefits. On June 20, 1985, the Board of Veteran Appeals reviewed the record and issued a decision denying plaintiff's claim. After exhausting her administrative remedies plaintiff filed a complaint in this Court.

Plaintiff raises several points of contention. First, because the Board of Veteran Appeals went forward to decide the merits of her claim, without notification or participation, she claims she was denied her right to a hearing before the Board of Veteran Appeals and that such a denial violates her right to Due Process guaranteed by the Fifth Amendment. Second, plaintiff challenges the constitutionality of Title 38 Section 3404 on several grounds: denying her right to proper representation of counsel by imposing a $10 limit to attorney fees, and that the administration of the statute violates her First Amendment protection of free speech, a constitutional violation prohibited by the Fifth and Fourteenth Amendments.

Plaintiff primarily relies on one case to support her allegations. She argues that the constitutional challenge to 38 U.S.C. 3404(c) is controlled by a recent Supreme Court decision, *Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985). But *Walters* held that the fee limitation provision of § 3404 does not violate the Due Process Clause of the Fifth Amendment nor does it violate the First Amendment protection of free speech.

For the reasons which follow defendants' motion will be granted.

### I. 38 U.S.C. § 211. Preclusion of Review.

Under Title 38 section 211(a) U.S.C. a decision of the administration of the Veterans Administration on any question of law or fact under any law providing benefits for veterans is final and conclusive. This section was designed to generally preclude review of an agency decision. Although this section immunizes an administrative decision from challenge by the judiciary, it does not preclude a challenge to constitutionality of the statute itself.

*Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Ryal v. Cleveland,* 531 F.Supp. 724 (E.D.N.Y.1982). However, naked allegations of constitutional violations do not substantiate a bona fide constitutional challenge. *Cabiya San Miguel v. U.S. Veterans Adm.,* 592 F.Supp. 21 (D.Puerto Rico 1984). So if plaintiff circumvents the plain meaning of the statute by couching her allegations in terms of a due process violation, it will not qualify for the benefits of the narrow exception to 38 U.S.C. § 211.

No-review clauses similar to § 211(a) have been a part of veterans benefits legislation since 1933. § 5 Economy Act of 1933, 48 Stat. 9. The necessity of the no-review policy is two-fold: (1) to insure that veterans' benefits will not burden the courts and the Veterans Administration with time consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans Administration policy connected with veterans' benefits will be adequately and uniformly made. *Johnson, supra* at 1167.

Despite Congress' unequivocal intent to *insulate* the Administration's decision from judicial review, the courts have imposed a limit on the overbreadth of Section 211(a). In *Johnson v. Robison,* the Court held that 211(a) does not bar judicial consideration of a challenge to the constitutionality of a veterans' benefit statute but was designed to preclude review "only of those decisions of law or fact that arise in the administration by the Veterans Administration of a statute providing benefits for veterans." Unless plaintiff's complaint falls within one of the narrow exceptions to § 211(a) broad prohibitions, this Court lacks jurisdiction over the subject matter of the complaint.

█ Plaintiff attempts to confer jurisdiction upon this Court by designating her claim as a constitutional challenge. Plaintiff contends that the language in *Johnson* laid the foundation for a constitutional challenge of the procedures of the Board of Veteran Appeals. It is her idea that the procedure, as implemented by the Board of Veteran Appeals, denied her due process

by not allowing her a hearing before the Board. In addition plaintiff complains that she was denied representation before the Board of Veteran Appeals.

Plaintiff's claims are without merit. After review of the attachments, affidavits, and the record from the Veterans Administration it is clear to this Court that not only was plaintiff represented by counsel at practically every critical stage of her proceedings but she was in fact granted a hearing.

Veterans initiate a case by filing a claim for service-connected disability compensation with the Veterans Administration. After reviewing the evidence the board renders a decision either denying the claim or assigning a disability rating pursuant to regulations assessing disabilities. The claimant is notified of the board's decision and its reasons, and the claimant may then initiate an appeal by filing a "notice of disagreement" with the local agency. A "notice of disagreement" is only filed *once.* If the local agency adheres to its original decision it must then provide the claimant with a "statement of the case"—a written description of the facts and applicable law upon which the panel bases its determination—so that the claimant may adequately present his appeal to the Board of Veteran Appeals. Hearings in front of the Board of Veteran Appeals are informal and no rules of evidence apply. 38 C.F.R. § 19.1–19.6.

Plaintiff proceeded through each and every step of the appellate process whether she was cognizant of it or not. Plaintiff initiated her claim for benefits on January 5, 1982. On July 18, 1982 the rating board documented the findings. On July 20, 1982 plaintiff was notified that her claim for benefits was denied on the basis that the evidence did not establish service connection for polymyositis. In March, 1983 plaintiff's claim for benefits was reopened and again denied for lack of evidence of service connection for polymyositis and lower back pain. On July 20, 1983 plaintiff, through her counsel, filed a "notice of disagreement" thereby initiating the appel-

late process. Pursuant to 38 U.S.C. § 4005(d)(3) plaintiff was allowed 60 days to file a formal appeal. After several extensions, plaintiff's counsel filed a formal appeal on January 13, 1984. A formal appeal is filed by way of Veterans Administration Form 1–9. As reflected on the appeal form plaintiff checked the appropriate boxes requesting a hearing and the St. Louis Regional Field Office as the hearing site. Plaintiff's requests were granted and the hearing was set for March 19, 1984.

After postponing the hearing six times, at plaintiff's request, the hearing was held on March 21, 1985. The hearing was held at the St. Louis Regional Office before the rating board. The rating board is a surrogate acting as a hearing agency for the Board of Veteran Appeals. 38 C.F.R. § 19.160. At the hearing plaintiff was represented by counsel and presented witnesses and argued to the record. The rating board solicited statements from plaintiff at the end of the hearing at which time she indicated that she had nothing to add. Moreover, after counsel postponed the hearing six times, the board was gracious enough to allow counsel additional time after the hearing to supplement the testimony with more documents. On April 13, 1985 the rating board notified plaintiff of the status of her appeal and record as "ready for docketing by the Board of Veteran Appeals." Plaintiff did not respond. On June 20, 1985 the Board of Veteran Appeals notified plaintiff of the denial of her claim.

Even after the hearing and before the Board of Veteran Appeals issued its decision plaintiff could have requested a second hearing. This was not done. Plaintiff's assertion that an additional "notice of disagreement" had to be filed is incorrect. Therefore plaintiff's further assertion that she was denied a hearing or was denied representation of counsel at that hearing is untrue. Although plaintiff may have misunderstood the procedural process she was afforded all of the rights and representation she would have had if she comprehended the process in the first place. The Court fails to see how the outcome would have been different.

## II. 28 §§ 3404 and 3405.

Plaintiff challenges the constitutionality of 28 U.S.C. § 3404(c) which imposes a limit of $10 for attorneys fees when counsel represents a veteran under laws administered by the Veterans Administration.

In support of plaintiff's constitutional challenge she alleges that the statutory fee limitation operates to deprive a claimant of a property interest without due process of law by depriving her of representation of expert legal counsel and expert witnesses.

This section was founded upon a policy of the federal government to protect a class of persons who might be incompetent to protect themselves, the governmental interest has been to insure that the administering of benefits would be managed in an informal manner which would alleviate the necessity of retaining counsel to obtain benefits that claimant was entitled. *U.S. v. Hall*, 98 U.S. 343, 8 Otto. 343, 25 L.Ed. 180 (1879). Judging the constitutionality of an Act of Congress should be given the greatest deference. A challenge to Congress' intent based on a due process violation does not turn on the result obtained in an individual case; rather, "procedural due process rules are shaped by the risk of error inherent in the truth finding process as *applied to the generality of cases*, not rare exceptions." *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). (Emphasis added.) *See Parham v. J.R.*, 442 U.S. 584, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979).

The Court in *Walters v. National Ass'n. of Radiation Survivors*, 473 U.S. 305, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985), quoted that same language from the *Matthews* decision. In her opposition to defendant's motion for summary judgment, plaintiff cited the *Walters* decision a total of 13 times in support of her claim in challenging § 3404 as a due process violation. Plaintiff alleges that the holding of this case is controlled by two concurrences and three dissents on one point of view and constitutes the majority. Unfortunately plaintiff

is misguided in her analysis of the holding of *Walters*. The Court in *Walters* held that the fee limitation provisions of § 3404(c) *does not* violate the Due Process Clause of the Fifth Amendment. In its opinion there was dicta relating to plaintiff's "as applied" theory of reviewing individual cases to assess a due process violation. The Court stated

The availability of particular lawyers' services in so-called "complex" cases might be more of a factor in preventing error in such cases, but on this record we simply do not know how those cases should be defined or what percentage of all of the cases before the VA they make up. Even if the showing in the District Court had been much more favorable, appellees still would confront the constitutional hurdle posed by the principle enunciated in cases such as *Mathews* to the *effect that a process must be judged by the generality of cases to which it applies*, and therefore process which is sufficient for the large majority of a group of claims is by constitutional definition sufficient for all of them. But here appellees have failed to make the very difficult factual showing necessary. (Emphasis added.)

The Court applies the test set out in *Matthews* which requires a court to consider the private interest that will be affected, the risk of an erroneous deprivation of a private interest through administration of the procedure, the value of substitute procedural safeguards and the government's interest in adhering to the system. *Matthews* at 335, 96 S.Ct. at 903. In applying this test the deference owed to Congress is paramount. *See Walters* at 3189. The Court specifically states that the test in *Matthews* must be judged by the generality of cases. However, even if the Court were persuaded by plaintiff's "as applied" argument her claim would remain without merit. The "complex" case theory that may give rise to a constitutional challenge is inapplicable to the instant matter. The evidence which plaintiff provided the Court does not amount to a "complex case" within the meaning of *Walters* and falls short

of the type of case that would warrant disturbing Congress' intent to maintain administrative proceedings in an informal manner. *Schweicker v. McClure*, 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982).

Accordingly, in accordance with the statute, 28 U.S.C. § 3404, Congressional intent and the Supreme Court in *Walters*, plaintiff's constitutional challenge to 3404 must fail.

### III. 3404—First Amendment.

██ Finally, plaintiff suggests that the fee limitation imposed by § 3404(c) violates her First Amendment rights. The First Amendment interest plaintiff seeks to protect is in adjudicating her claim with the best possible counsel and retaining expert witnesses, and the fee limitation operates to deny her access to a superior representation.

Again plaintiff incorrectly relied on the *Walters* decision to support her claim. The Court's analysis addressed the issue of the claimant's right to counsel, not the right to specialized counsel nor the right to compensate expert witnesses. The Court reasoned that because the proceedings are informal and nonadversarial in addition to the claimant being provided with substitute safeguards such as a representative, a decision maker to aid the claimant and concessions with respect to the claimant's burden of proof, the need for counsel is diminished. *Walters* at 3196. Plaintiff's First and Fifth Amendment challenges are one in the same. The ultimate issue is whether a § 3404 limitation denies her access to meaningful representation. The *Walters* Court decided that issue and held that § 3404 fee limitation does not violate a claimant's First Amendment rights. Furthermore, the Court notes that plaintiff was represented by counsel and presented a medical doctor as a witness at her hearing.

Plaintiff's claims raising constitutional challenges are all without merit. Oral argument is **DENIED**. Accordingly

IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.