The **SECRETARY OF LABOR OF the COMMONWEALTH OF PUERTO RICO, Hon. Juan M. Rivera Gonzalez in representation of Veteran Otilio Rodriguez Baez, Plaintiff,**

v.

**Thomas K. TURNAGE, Administrator of Veterans Affairs of the United States, et al., Defendants.**

Civ. No. 86–1707 GG.

United States District Court,
D. Puerto Rico.

April 2, 1987.

Alberto Acevedo Colom, Edwin Hernandez, Hato Rey, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Wanda Rubianes Collazo, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action for injunctive relief brought by the Secretary of Labor of Puerto Rico (the Secretary) in representation of veteran Otilio Rodríguez-Báez (Rodríguez-Báez) against the Administrator of Veterans' Affairs of the United States and other officers of the Veterans' Administration (VA) in their official capacities. Pending before us are defendants' motion to dismiss and plaintiff's opposition thereto.

### I

Rodríguez-Báez is a veteran presently under psychiatric treatment for chronic schizophrenia who received disability benefits from the VA. On October 3, 1986, the VA ordered Rodríguez-Báez to report for an evaluation at its hospital in San Juan, Puerto Rico, in order to determine whether he was still entitled to benefits. The amended complaint avers that Rodríguez-Báez is the leader of a group of veterans that has been protesting as to certain matters related to veterans in Puerto Rico, which are not relevant here. Rodríguez-Báez did not wish to submit for evaluation at the San Juan VA Hospital because of alleged antagonism. Instead, he requested a transfer or referral to another VA Hospital, which was denied. He refused to submit to evaluation as requested and thereafter, on November 17, 1986, the VA notified him the discontinuation of his disability benefits.

The Secretary brought this action before us in representation of Rodríguez-Báez requesting two remedies: 1) that we order the VA Hospital in San Juan to grant Rodríguez-Báez the referral he seeks, so that he may report for evaluation at another hospital, and be again entitled to benefits, and 2) to stay the denial of benefits to Rodríguez-Báez so that he may receive benefits pending the resolution of this matter. Defendants argue in their motion that this action should be dismissed on three grounds: 1) that the Secretary lacks standing to bring this action, 2) that Rodríguez-Báez has failed to exhaust administrative remedies, and 3) that we lack subject matter jurisdiction to review the decisions of the VA regarding benefits. We shall review each contention in turn.

The Secretary bases his standing solely on Articles 5 and 6 of Puerto Rico Act No. 13 of October 2, 1980. (29 L.P.R.A. § 816).[1] This statute created the Puerto Rico Veterans' Bureau, under the supervision of the Secretary. Defendants contend that this statute does not empower plaintiff

---

1. 29 L.P.R.A. § 816 in relevant part, states as follows:

... The Director of the Puerto Rico Veterans' Affairs Bureau shall put into effect all the regulations of said Bureau, shall take any measures he deems necessary, and shall provide, free of charge, *all legal assistance* and medical experts needed for the speedy handling of all kinds of matters, petitions, investigations and claims of the Puerto Rican veterans *in the local offices of the National Veterans' Administration of the United States and in the Offices in Washington, D.C.* (Emphasis ours)

to represent a veteran before any court. We agree.

Under the statute, the Secretary has the duty to provide veterans with legal assistance only in matters before the VA in Puerto Rico and Washington, D.C. However, the statute does not contain any language authorizing the Secretary to bring actions on behalf of veterans before a court of law. Moreover, a careful research into the legislative history of Act No. 13 failed to reveal that the Puerto Rico legislature intended to grant the Secretary the standing he asserts before us.

In this case, the Secretary is bringing before a federal court an action involving federal law. It is well settled that the issue of whether a party has standing to bring an action in such cases is a federal question, the resolution of which is not affected by state law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804, 105 S.Ct. 2965, 2971, 86 L.Ed.2d 628 (1985); *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962); *Cramp v. Board of Public Instruction*, 368 U.S. 278, 282, 82 S.Ct. 275, 278, 7 L.Ed.2d 285 (1961).

■ Turning to the federal doctrine of standing to solve the issue of damages, we note that one of the prudential limitations on standing is that a litigant must normally assert his own legal interests rather than those of third parties. *Shutts, supra*; *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), *citing Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). The rights that the Secretary seeks to vindicate in this action are not his rights or those of the Commonwealth, but the personal rights of a third party, Rodríguez-Báez. From the record we can discern no reason why Rodríguez-Báez cannot institute this action through his own privately retained counsel or by legal representation provided by the Secretary. Though the Secretary has submitted evidence that Rodríguez-Báez suffers some mental illness and is undergoing psychiatric treatment, there is no evidence before us that he has been declared mentally incompetent by the courts of Puerto Rico, or that a tutor has been appointed for him.[2] Even if this had been the case, the proper person to bring this action would be the tutor so appointed for Rodríguez-Báez and not the Secretary.[3]

■ Nor does the doctrine of "parens patriae" provide the requisite standing for the Secretary to bring an action on behalf of Rodríguez-Báez. The concept of "parens patriae" is derived from the English constitutional system, and traditionally referred to the King's power as guardian of persons under legal disabilities to act for themselves. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 600, 102 S.Ct. 3260, 3265, 73 L.Ed.2d 995 (1982); *Hawaii v. Standard Oil Co. of California*, 405 U.S. 251, 257, 92 S.Ct. 885, 888–89, 31 L.Ed.2d 184 (1972). Under modern American law, a state has standing to sue as "parens patriae" only when sovereign or "quasi-sovereign" interests are involved, and it is not merely litigating the personal claims of its citizens. *Snapp, supra*, 458 U.S. at 601, 102 S.Ct. at 3265–66; *Pennsylvania v. New Jersey*, 426 U.S. 660, 665, 96 S.Ct. 2333, 2335–36, 49 L.Ed.2d 124 (1976). Because it is apparent that the

---

**2.** Pursuant to the Puerto Rico Civil Code, persons incapable of governing themselves and who are not already subject to patria potestas, including insane or demented persons, are subject to tutorship. 31 L.P.R.A. § 661. For a tutorship to be established, the Puerto Rico Superior Court of the person's domicile must first decree that said person is incapable of administering his property. 31 L.P.R.A. §§ 703, 707. After issuing this decree, the Superior Court will appoint a tutor for the person, following the procedure set out in 32 L.P.R.A. § 2661, *et seq.* After a tutor is appointed, the tutorship shall be registered at the registry of tutorships. 31 L.P.R.A. § 667. There is no evidence in the record before us that any of these proceedings has been followed on behalf of Rodríguez-Báez.

**3.** Upon authorization of the Superior Court, a tutor may bring an action in the name of those under his tutorship. 31 L.P.R.A. § 786(13). However, the Secretary would not be eligible for appointment as tutor of Rodríguez-Báez, because pursuant to 31 L.P.R.A. § 709, the tutorship of an insane person belongs to the spouse, either parent, any of the person's children, any of the grandparents and any of the brothers and sisters, in that order.

Secretary is litigating a personal claim of Rodríguez-Báez, he lacks standing to bring this action under the "parens patriae" doctrine. Indeed, even if the Secretary or the Commonwealth of Puerto Rico were not litigating a personal claim of another person, they would still lack standing in this case because only the United States has "parens patriae" standing to protect United States citizens from the effect of federal statutes. The states have no such standing in actions against the federal government. *Snapp, supra,* 458 U.S. at 610, n. 16, 102 S.Ct. at 3270, n. 16; *Massachusetts v. Mellon,* 262 U.S. 447, 485–86, 43 S.Ct. 597, 600–01, 67 L.Ed. 1078 (1923); *State of Iowa ex rel. Miller v. Block,* 771 F.2d 347, 354–55 (8th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 3312, 3313, 92 L.Ed.2d 725 (1986); *Maryland People's Counsel v. F.E.R.C.,* 760 F.2d 318, 321 (D.C.Cir.1985). Puerto Ricans, let it not be forgotten, are American citizens.

In light of all of the above, we find that the Secretary has no standing to represent Rodríguez-Báez in this action but in order to decide the remaining questions, we will treat this action as one brought directly by Rodríguez-Báez as plaintiff.

## II

Defendants also aver that Rodríguez-Báez has failed to exhaust all the administrative remedies available to him before filing this action. This is countered by plaintiff's contention that the remedy he is seeking is not available through administrative channels.

Pursuant to 38 U.S.C. § 4004(a) all questions on claims involving benefits under the laws administered by the VA are subject to review on appeal to the Administration. Final decisions on such appeals shall be made by the Board of Veterans' Appeals (BVA). There is no evidence on the record before us that Rodríguez-Báez has taken his case on appeal to the BVA. Generally, a party may not seek judicial review of an administrative decision until having exhausted all available remedies within the affected agency. *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41,

50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938); *Ezratty v. Commonwealth of Puerto Rico,* 638 F.2d 770, 774 (1st Cir. 1981). And likewise, veterans must also exhaust their available administrative remedies before a court can decide on the merits of their claims. *American Federation of Government Employees, AFL–CIO v. Nimmo,* 711 F.2d 28, 30–31 (4th Cir.1983). If the BVA has jurisdiction over Rodríguez-Báez' particular claim, then he must take this matter there before seeking relief in this court.

Before deciding whether the BVA has jurisdiction over Rodríguez-Báez' particular claim, we must first determine the real nature of that claim. Rodríguez-Báez avers that what he seeks is just a referral to another VA Hospital. However, the ultimate and actual reason for seeking referral for evaluation at another hospital is to prove that he is still entitled to receive benefits from the VA. Otherwise, he would not need to be evaluated anywhere. Obviously, the determination that Rodríguez-Báez is actually appealing is not the hospital's decision not to grant a referral, but the VA's decision to discontinue his benefits because of his failure to submit to evaluation as requested. Under the law and regulations, the BVA clearly has jurisdiction to review this determination. 38 U.S.C. § 4004(a); 38 C.F.R. §§ 19.1, 19.2. Even assuming that Rodríguez-Báez is appealing from the VA Hospital's decision not to refer him to another hospital, the matter would still have to be taken through the administrative channels. Since the VA is the only entity aware of which of its hospitals can provide the most adequate and appropriate facilities, equipment and personnel for the needs of particular patients, the question of whether to send a patient to a certain VA Hospital lies clearly within the agency's area of expertise. To substitute our own criteria for that of the VA in this area would go against the best interests of the veteran and would run counter to the intent of Congress in creating the VA. Since Rodríguez-Báez has not appealed to the BVA, we find that he has failed to

exhaust administrative remedies prior to filing this action.

### III

 Defendants' last claim is that 38 U.S.C. § 211(a) bars plaintiff from appealing before us a decision of the VA related to a veteran's benefits. This statute in relevant part, reads as follows:

(a) ... the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

This prohibition on courts to review the administrative decisions of the VA is categorical. *Milliken v. Gleason*, 332 F.2d 122, 123 (1st Cir.1964), *cert. denied*, 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965). However, the United States Supreme Court carved out a narrow exception to Section 211(a) in *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). The Court held that the prohibition on judicial review of the decisions of the VA extended only to decisions of law or fact that arise in the administration by the agency of a statute providing benefits for veterans, but not to challenges to the constitutionality of the laws providing benefits to veterans. *Robison, supra*, at 367. We must therefore determine whether plaintiff's action raises a constitutional challenge that would trigger the *Robison* exception.

The record shows that although plaintiff clothes his claim in constitutional garb, it undoubtedly addresses not the constitutionality of the statute itself but its application. We have held that naked allegations of constitutional violation standing alone do not give rise to a cause of action seeking relief in this court. *Cabiya-San Miguel v. United States Veterans Administrator*, 592 F.Supp. 21, 22 (D.P.R.1984), *aff'd*, 774 F.2d 1148 (1st Cir.1985); *Osorio v. Veterans Administration*, 514 F.Supp. 94, 95 (D.P.R.1981), *aff'd*, 676 F.2d 681 (1st Cir.

1982). We are therefore barred from entertaining this action by 38 U.S.C. § 211(a).

In light of all of the above, we conclude that the Secretary lacks standing to bring this action on behalf of Rodríguez-Báez and that we lack subject matter jurisdiction to entertain this action, both because Rodríguez-Báez has not exhausted his administrative remedies and because we are precluded from reviewing the VA's decision to discontinue his benefits. Therefore, defendants' motion to dismiss is hereby GRANTED. All of plaintiff's claims before us shall be and are hereby DISMISSED.

The Clerk shall enter judgment accordingly.

SO ORDERED.