*1284
ORDER

STEPHEN M. REASONER, Chief Judge.
Presently before the Court is Gold Seal’s Motion for Summary Judgment (# 59). The Scent Shop has responded to the motion and opposes it. For the following reasons, the motion is granted.
Both Gold Seal, Inc. (Gold Seal) and The Scent Shop, Inc. (The Scent Shop) manufacture and market products such as potpourri and scented oils. Gold Seal apparently markets some or all of its products under the trade name NATURSCENT, while Scent Shop makes use of the trade name SCENTS OF NATURE. Gold Seal obtained Arkansas state trademark registration No. 15-87 in 1987, and The Scent Shop obtained federal registration No. 1,484,906 for its mark in 1988. However, The Scent Shop apparently filed for this registration as early as 1985.
Gold Seal filed suit in this district seeking a declaratory judgment that its mark does not infringe upon the use of The Scent Shop’s mark. The Scent Shop then filed a substantive infringement action in the Northern District of Texas. The Texas action was eventually transferred to this Court over The Scent Shop’s objections, and the cases were later consolidated.
On December 3,1993, this Court issued an order in which it denied The Scent Shop’s motion for summary judgment and Gold Seal’s motion for partial summary judgment.[1] However, after reviewing the color pictures and brochures provided by the parties, the Court made the following statement:
Upon inspection of these pictures, the Court is of the opinion that the marks are quite dissimilar and that it is doubtful any confusion could exist over these marks. It is apparent that Scent Shop makes use of its registered mark on only one product, scented oils. In contrast, Gold Seal uses its mark on almost every product it sells including potpourri, scented candles, room fresheners, and refresher oils. Also, the design and use of the marks is not similar at all. Gold Seal apparently uses the mark NATURSCENT very prominently on its products and brochures. From the brochures, it would even appear to the casual observer as the name of the company making the product. In contrast, Scent Shop uses the mark SCENTS OF NATURE to describe one of its product lines. Other terms such as Room Spray Mists, Mood Lite, and Scent Ring Sets are used in the same fashion.
Not surprisingly, Gold Seal filed the instant motion asking this Court to grant summary judgment in its favor arguing that no likelihood of confusion exists as a matter of law. The Court agrees.
The standard for assessing whether a likelihood of confusion exists between competing marks was restated in ConAgra, Inc. v. George A Hormel, & Co., 990 F.2d 368 (8th Cir.1993), as follows:
When assessing the likelihood of confusion, courts consider all the circumstances, which include relevant factors like the established trademark’s strength (marketplace recognition value), the similarity of the marks, the competitive closeness of the products on which the marks are placed, the alleged infringer’s intent to pass off its goods as those of the trademark holder, incidents of actual consumer confusion, and the degree of care the trademark holder’s potential customers are likely to exercise.
Id. at 369-70. After considering all of these factors and the totality of the circumstances, the Court is of the opinion that no genuine issues of material fact exist and that no reasonable juror could find a likelihood of confusion between the marks in question.
A. TRADEMARK STRENGTH
Gold Seal argues, and the Court agrees, that The Scent Shop uses its mark in a merely descriptive manner, thereby reducing the strength of the mark. It is apparent that The Scent Shop places the words “SCENTS OF NATURE” on only its display eases containing refresher oils.[2] It is not placed on the bottles themselves. Furthermore, the term describes both the odor and function of the refresher oils. The Scent Shop uses other descriptive terms in similar *1285 manners for products other than scented oils. One example is “Scent Stone Sachets” which is used to identify another scented product. In sum, The Scent Shop uses its mark to identify only one type of product-line, and the mark is merely descriptive of those products.
Similarly, the Court is of the opinion that the market-place recognition value of the mark “SCENTS OF NATURE” is low. Because of its limited use, the mark is simply not what the consuming public would consider an identifying mark. In contrast to Gold Seal (which displays its mark prominently on almost every product label it manufactures), The Scent Shop uses its own name on the majority of its products rather than the mark in question. It is apparent that The Scent Shop intends for the market to recognize its own name rather than “SCENTS OF NATURE” when making purchasing decisions.
Gold Seal uses the mark “NATUR-SCENT” on virtually all of its products. It is this mark that the public would remember when thinking of products manufactured by Gold Seal. Furthermore, the mark is not used in a merely descriptive manner. It is used to identify and characterize Gold Seal’s entire product line.
B.SIMILARITY OF THE MARKS
Although the marks are basically a reversal of the same two words, they appear similar only when viewed in the abstract. The marks are, in fact, not similar at all. As stated by McCarthy:
In an infringement case, the defendant’s background trade dress may be sufficient to distinguish the goods even though, in the abstract, the marks might be said to be confusingly similar. If defendant changes the background, then that is another matter for another litigation in the future. But for the present, there may be no injury to the senior user. It is not realistic to decide likelihood of confusion by comparing the two marks naked and divorced from surrounding trade dress, since this is not the way the buyers view the goods in the market. As the Fifth Circuit Court of Appeals stated, “Trademarks cannot be isolated from the labels on which they appear.”
2 J. McCarthy, TRADEMARKS and Unfair Competition § 23.18, at 23-125 and 126. In this Court’s opinion, the trade dress and the manner in which the competing marks are used on the products is anything but similar. The Scent Shop displays its mark in block letters on the display case for its scented oils while Gold Seal utilizes a fairly intricate design which is displayed prominently on virtually all of its products. In short, the Court cannot fathom a potential customer confusing the two companies’ products based solely upon the similarity in the actual wording of the marks. Similarity between the marks is perceived only when viewing them in the abstract.
According to the Eighth Circuit, a court should look to the “overall impression” created by the marks in determining similarity. General Mills, Inc. v. Kellogg Co., 824 F.2d 622, 627 (8th Cir.1987). Furthermore, “[t]he use of identical, even dominant, words in common does not automatically mean that two marks are similar.” Id. It is this Court’s belief that the overall impression consumers would glean from the marks would be that they are very dissimilar.
C. COMPETITIVE CLOSENESS
Gold Seal does not dispute that both marks are used on comparable products and are sold in some of the same stores. When considering the differences in how the marks are used and displayed, however, the Court is not persuaded that the competitive closeness of the marks would contribute to any confusion.
D. WRONGFUL INTENT
The Scent Shop asks this Court to presume an intent to infringe because Gold Seal attended many of the same trade shows as The Scent Shop, because the advertising and distribution channels are similar, and because the marks are merely a reversal of one another. This evidence is insufficient for the Court to make such a presumption. Nothing has been shown that would lead the Court to believe that Gold Seal intended to infringe upon The Scent Shop’s use of its mark.
*1286 E. INCIDENTS OF ACTUAL CONFUSION
The Scent Shop points to two instances of actual confusion, both of which were related by employees. One instance was from a shipping employee who remembers getting a “NaturScent” product returned from a customer by mistake. The other instance was from the production manager of The Scent Shop who stated that on several occasions during trade shows people have inquired about a mulberry potpourri. On these instances it was apparently determined that the product for which they had been looking was not made by The Scent Shop but was instead made by NaturScent.
The Court is of the opinion that these isolated instances are insufficient to overcome the differences in the marks. In the first instance, these instances of confusion appear to involve wholesale customers of The Scent Shop as opposed to customers from the consuming public. Second, it is a leap of logic to assume that the return of a Gold Seal product to The Scent Shop is a mistake involving a confusion in the trademarks. The employee stated that several bags of mulberry NaturScent potpourri were returned among other goods returned by a customer. The more likely explanation for the mishap is the similarity of the products themselves rather than any similarity in the trademarks. In any event, the two isolated incidents fail to create an issue of fact.
In Woodsmith Pub. Co. v. Meredith Corp., 904 F.2d 1244 (8th Cir.1990),[3] the Court stated that:
a court may find [evidence of actual confusion] insufficient to establish the existence of a genuine issue of material fact regarding likelihood of confusion. [Defendant] produced sufficient evidence in response, providing reasonable explanation and serving to discount for these isolated instances of confusion.
Id. at 1249. As in Woodsmith, this Court is of the opinion that the evidence of actual confusion submitted by The Scent Shop is insufficient to establish a genuine issue of material fact regarding likelihood of confusion. Although Gold Seal has not presented rebuttal evidence to the contrary, the instances of confusion cited by The Scent Shop are isolated and can be innocently explained. In the face of the previously noted weakness of The Scent Shop’s mark and the dissimilarity between both marks, the testimony of two employees concerning isolated instances involving persons other than the consuming public is insufficient. Moreover, Jean Stuart, president of The Scent Shop, made these responses to questions posed by counsel for Gold Seal in deposition:
Q ... But what evidence do you know of that would indicate that there is a likelihood of confusion between your Scents of Nature and the mark Nature Scent? (sic)
A The very similarity of the words. It’s simply a reversal, of our registered trademark.
Q But other than that, other than you are just looking at the marks themselves, what evidence is there that would indicate that there is a likelihood of confusion?
A That’s it, the mark itself and it is registered.
ORAL Deposition of JeaN Stuaet at 67. The Court would agree that no other evidence exists but would disagree that the similarity of the words raises any genuine issues concerning likelihood of confusion.
F. DEGREE OF CARE UTILIZED IN PURCHASING THE PRODUCTS
Gold Seal does not dispute that the products on which the marks are used are inexpensive, thus lowering the degree of care likely to be exercised by potential customers when choosing these products. Indeed, prices of the various products appear to generally be less than five dollars. However, certain products can be as much as twenty dollars. Furthermore, the testimony of The Scent Shop’s own employee regarding trade show customers specifically asking for mulberry potpourri indicates people exercise at *1287 least a moderate degree of care when purchasing these products.
G. SUMMARY
In sum, the Court is of the opinion that no genuine issues of material fact exist regarding whether there is a likelihood of confusion between the parties’ trademarks and products. The descriptive manner in which The Scent Shop uses its trademark as well as The Scent Shop’s fairly limited use of the mark combine to make the mark very weak with minimal market-recognition value. Furthermore, the trade dress and the manner in which both marks are displayed on the products and product displays make them anything but similar. The overall impression left by the marks would simply not leave confusion in customers minds as to the source of the different products.
The Eighth Circuit stated in Woodsmith, that:
In unfair competition cases, the dispute between parties usually “centers on the interpretation to be given to the facts-not the facts themselves or the inferences that can be drawn from the facts.” Summary judgment is proper in such an instance.
Id. at 1247 (citations omitted). Likewise, the situation with which the Court is faced today is the interpretation to be given the facts. As this Court views the facts, they could not lead a reasonable juror to the conclusion that a likelihood of confusion would exist. The Scent Shop has failed to make a sufficient showing as to likelihood of confusion, an essential element of their infringement claims, and summary judgment is appropriate.
For these reasons, Gold Seal’s Motion for Summary Judgment (# 59) is granted, and the Scent Shop’s trademark infringement claim is dismissed.[4] However, this ruling is dispositive of only one of Gold Seal’s requests for declaratory relief. Gold Seal represented in its motion that if the Court were to grant its motion for summary judgment, it would voluntarily dismiss its remaining claims after that judgment became final and not subject to any further appeals. The parties will likely be interested in taking an interlocutory appeal of this order. The Court feels this would be appropriate and is of the opinion that this order involves controlling questions of law as to which substantial grounds for differences of opinion could exist and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. If an appeal (which must be taken within ten (10) days of the entry of this order) is taken, the Clerk is directed to administratively terminate this matter pending the outcome of the appeal.
IT IS SO ORDERED.

. The basic facts underlying this controversy were included in the December order and are not repeated here.

. It is also used in brochures to describe the scented oils.

. Although the Woodsmith case involved trade dress infringement rather than trademark infringement, the central issue in that case was likelihood of confusion which is common to both types of cases.

. This ruling is sufficient to dismiss The Scent Shop's claims pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and common law infringement.