**Mibeck MENENDEZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 98–2005(SEC).

United States District Court, D. Puerto Rico.

Sept. 3, 1999.

---

**8.** In criminal number 98–296 before Judge Cerezo, concerning military bases, a separate ruling shall issue.

Manuel San–Juan–DeMartino, San Juan, PR, for Plaintiff.

Isabel Munoz–Acosta, U.S. Attorney's Office District of Puerto Rico, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion to dismiss for lack of jurisdiction and/or for failure to state a claim filed by defendant United States of America (**Docket # 6**). Said motion was duly opposed by plaintiff (**Docket # 9**). For the reasons stated below in this Opinion and Order, defendant's motion to dismiss (**Docket # 6**) is **GRANTED** and the above-captioned action shall be **DISMISSED.**

### Factual Background

We take the facts relevant to our determination from plaintiff's allegations in his Amended Complaint (**Docket # 3**). Plaintiff Mibeck Menéndez enlisted in the U.S. Army on November 27, 1978. He served a tour of duty as an infantryman in the Puerto Rico National Guard until May 1, 1981. Plaintiff claims that during his tour of duty he began to develop symptoms of a chronic gastrointestinal condition, including fever, chills, diarrhea, and abdominal pain. He alleges that "[t]hese symptoms became so severe that they affected ... plaintiff's ability to perform his duties, which ultimately resulted in his general discharge from the armed services."

In 1984, because his symptoms had worsened, plaintiff sought and received treatment at the Veterans Administration Medical Center ("VAMC") in San Juan, Puerto Rico. There, he was diagnosed as suffering from Chron's disease, "a chronic, incurable bowel inflammation of unknown etiology." He continued to receive treatment for his condition at the VAMC in San Juan for the next twelve years, up to 1996. Plaintiff avers that "[d]uring the course of said treatment, [he] developed various complications, including multiple colonic strictures, a perianal fistula, kidney stones, arthritis, and cataracts resulting from the treatment with the drug prednisone."

Plaintiff was never told by Veterans Administration ("VA") personnel that his condition was not "service-related" or that he was otherwise ineligible for benefits. He states that "[a]t all times during the course of his treatment [he] believed that his condition was incurred while he was in the military service."

During the first week of January, 1997 plaintiff was scheduled to undergo surgery at the VAMC in Miami, Florida, where he was admitted as a patient. He claims that "[t]o his surprise, just prior to the scheduled surgery he was advised by personnel from the VAMC in Miami that he was not eligible to receive any further medical treatment under the auspices of the VA." When he was informed of this, he had to leave the hospital and return to Puerto Rico.

On January 7, 1997, the Chief of Information Management at the VAMC in Miami wrote to plaintiff and told him that the VA Regional Office had advised that plain-

tiff was ineligible for VA benefits. Pursuant to that, plaintiff was informed that all future appointments would be canceled and that plaintiff would be billed for the treatment that he received at the Miami facility.

On February 4, 1997, the VA Regional Office in San Juan informed plaintiff that was no longer eligible for medical treatment or benefits; plaintiff sought administrative review of this decision. As part of the administrative review procedure, plaintiff requested a copy of his military medical records from the Department of the Army; upon their receipt, plaintiff noted that records documenting his gastrointestinal ailments were missing from his file.

On August 22, 1997, the San Juan Regional Office of the Department of Veterans Affairs issued a Rating Decision, wherein it determined that plaintiff's medical condition was not incurred while in military service and therefore, he was not entitled to treatment. According to plaintiff, the basis for this decision was that plaintiff's medical records during his military service came negative for Chron's disease.

On October 3, 1997 plaintiff filed an administrative claim with the VA under the Federal Tort Claims Act ("FTCA"); the same was denied via a letter received by plaintiff's counsel on April 27, 1998. On October 17, 1997, plaintiff filed an appeal and request for hearing with the VA Regional Office's Adjudication Officer. On September 3, 1998 plaintiff filed a separate administrative claim under the FTCA with the Department of the Army; the same was denied via a letter received by plaintiff's counsel on December 15, 1998.

In the complaint, plaintiff presents three causes of action; however, the first cause of action, which alleged a claim of collateral estoppel was voluntarily dismissed by plaintiff.

The second cause of action in the complaint alleges that defendants were negligent in failing to make an initial determination as to whether plaintiff's condition was service-related, and in failing to do so over the next twelve years. Plaintiff claims that as a result of defendants' negligence, he "suffered and continues to suffer additional damages, including the denial of free medical treatment, emotional pain and anguish when he was advised by the VA that he was no longer eligible to receive free medical treatment and benefits, aggravation of his condition, being forced to accept lower quality treatment which he is uncertain will adequately meet his future needs, and being forced to incur out of pocket expenses to pay for treatment and medication."

In his third cause of action, plaintiff alleges that defendants were negligent in their maintenance and safe-keeping of his medical records, and that because of their negligence the records were lost or misplaced. This, he says, was the cause of his denial of benefits, as the reason given to him was that his service medical records were negative for Chron's disease. He claims the same damages as above.

In plaintiff's prayer for relief, he requests that the Court issue a preliminary and permanent injunction preventing the U.S. Department of Veterans Affairs from denying him medical treatment and benefits; order the Department of Veterans Affairs to continue to provide him medical treatment and medication as it had done in the past; and enter judgment against the U.S. under the FTCA and award plaintiff damages of an amount to be determined at trial.

**Procedural History**

Plaintiff filed the above-captioned action on September 3, 1998. Subsequently, he filed an amended complaint on December 16, 1998. As its first responsive pleading, the United States filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6). As its first defense, the United States argues that this Court does not have subject matter jurisdiction over the above-captioned action because judicial review of a determination regarding a veter-

an's benefits is barred by 38 U.S.C. § 511(a). In the alternative, the United States argues that plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim under the FTCA.

We shall first address the jurisdictional issue and evaluate whether this Court has subject matter jurisdiction over the instant case.

### Applicable Law—Rule 12(b)(1) Standard

█ Fed.R.Civ.P. 12(b)(1) permits a defendant to assert a claim that the Court lacks subject matter jurisdiction to entertain the action. As the First Circuit Court of Appeals has cogently stated, "federal courts are not at liberty to overlook limitations on their subject matter jurisdiction." *A.M. Francis v. Goodman*, 81 F.3d 5, 8 (1st Cir.1996). Thus, if the Court determines, as a threshold matter, that subject matter jurisdiction does not exist, it must dismiss the case and not make any determination on the merits of the same.

█ In resolving a motion to dismiss for lack of subject matter jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996). That said, however, the Court may consider material outside of the pleadings of the action when dealing with a factual attack on subject matter jurisdiction, such as affidavits and testimony, without converting the motion to dismiss into one for summary judgment. *Caribbean Mushroom Co. Inc. v. Government Development Bank*, 980 F.Supp. 620, 622 (D.P.R.1997); *Moreno v. John Crane, Inc.*, 963 F.Supp. 72, 73 (D.P.R.1997). Furthermore, it is the plaintiff who bears the ultimate burden of proving that subject matter jurisdiction exists, *Aversa*, 99 F.3d at 1209, and "argumentative inferences favorable to the pleader should not be drawn." *Atlantic Mutual Insurance Company v. Balfour Maclaine International Ltd.*, 775 F.Supp. 101, 104 (S.D.N.Y.1991).

### Applicable Law and Analysis—Subject matter jurisdiction is barred by 38 U.S.C. § 511(a)

█ 38 U.S.C. § 511(a) bars the judicial review of a decision of the Secretary of the Department of Veterans Affairs (the "Secretary") which may affect the provision of benefits. Section 511(a) of Title 38 of the United States Code states that:

(a) The Secretary shall decide all questions of law and fact necessary to a determination to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court...

In 1988, Congress enacted the Veterans Judicial Review Act of 1988, Pub.L. No. 100–687, Title III, 102 Stat. 4105, 4113–4122 (codified in various sections of 38 U.S.C.) ("VJRA"). In doing so, it "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir.1997). In this system of judicial review, a claimant first requests benefits from the regional office of the Department of Veterans Affairs. Pursuant to the mandate established in section 511(a), the regional office decides all questions of law and fact necessary to a determination of benefits by the Secretary to a veteran. When a claimant receives the decision from the regional office, he may then appeal to the Board of Veterans Affairs ("BVA"), which may either issue the final decision of the Secretary or remand the claim to the regional office for further proceedings. See 38 U.S.C. § 7104.

The Court of Veterans Appeals ("CVA") has exclusive jurisdiction over appeals from final decisions of the BVA. 38 U.S.C. § 7252(a). The CVA is an Article I court established by Congress in the VJRA. Ex-

clusive appellate jurisdiction over decisions of the CVA resides in the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Finally, a claimant may petition the United States Supreme Court to review the decision of the Federal Circuit Court of Appeals. 38 U.S.C. § 7291.

Courts have held that the VJRA "provides a limited waiver of sovereign immunity for litigants seeking judicial review of BVA benefit decisions." *McCulley v. United States Department of Veterans Affairs,* 851 F.Supp. 1271, 1278 (E.D.Wis. 1994). The *McCulley* court was careful to point out that under the doctrine of sovereign immunity, the United States cannot be sued without its consent and that said consent must be "expressed unequivocally and is strictly construed." *Id.* at n. 6.

Courts that have interpreted section 511(a), as well as its predecessor statute, section 211(a), have established that courts are "precluded from reviewing VA determinations of benefit awards or disability ratings." *Sugrue v. Derwinski,* 808 F.Supp. 946, 949 (E.D.N.Y.1992). They have held that a plaintiff may not circumvent the bar on judicial review established by § 211(a), and subsequently § 511(a), by cloaking his claims regarding the denial of benefits in the garb of constitutional or other statutory violations. They "clearly establish that section 211(a) precludes federal courts from hearing claims—even if draped in constitutional claims—seeking a particular type or level of medical care." *McCulley,* 851 F.Supp. at 1280.[1]

In fact, one district court, addressing the very issue posed by this case, held that a suit against the United States under the FTCA for its negligence in the destruction of plaintiff's medical records which allegedly led to the denial of benefits was barred by § 511(a). *Quarles v. United States of America,* 731 F.Supp. 428 (D.Kan., 1990).

In that case, plaintiff attempted to distinguish his suit as one not contesting the denial of benefits by stating that § 211(a) was "inapplicable ... because he [sought] damages from other governmental agencies for their negligence and does not challenge the factual or legal determinations made by the VA." *Id.* at 430. The *Quarles* court rejected that contention, holding that the suit was barred by § 211(a) because

plaintiff's claim would require the court to determine whether another governmental agency negligently failed to maintain his records and whether, but for the missing records, plaintiff should have been awarded disability benefits. This would involve a review of the prior VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the VA itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained.

*Id.* at 431.

Identically, plaintiff, in his opposition to the motion to dismiss, states that he "does not seek judicial review of the Secretary's denial of benefits to him. Rather, plaintiff's complaint takes the denial of benefits as a given, and does not challenge the factual or legal determinations upon which it is based." (Docket # 9, at page 6). Said statement is belied by the fact that in his prayer for relief, plaintiff seeks reinstatement of the benefits denied to him by defendant, and furthermore, requests an injunction prohibiting defendant from denying him the medical care that he claims he deserves.

Furthermore, the two cases cited and relied on by plaintiff, *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), and *Traynor v. Turnage,* 485 U.S.

---

1. The District Court for the District of Puerto Rico had the opportunity to decide the jurisdictional breadth of § 211(a) on three occasions: *Osorio v. Veterans Administration,* 514 F.Supp. 94 (D.P.R.1981); *Cabiya San Miguel v. United States Veterans Administrator,* 592

F.Supp. 21 (D.P.R.1984); and *Secretary of Labor, Commonwealth of Puerto Rico v. Turnage,* 657 F.Supp. 1033 (D.P.R.1987). In all three cases, the Court found that judicial review of a Veterans Administration decision denying benefits was proscribed by § 211(a).

535, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988), both construe § 211(a), § 511(a)'s predecessor statute, and predate the enactment by Congress of the VJRA with its judicial review scheme. These cases reflect the U.S. Supreme Court's unwillingness to bar all judicial review for claims by veterans, even when these presented facial constitutional challenges to a decision by the Department of Veterans Affairs. Said concerns have been negated by the enactment of the VJRA, which does provide for limited judicial review of decisions by the Secretary. Thus, the enactment of the VJRA has negated the rationale espoused by the Supreme Court in permitting judicial review by a district court in certain circumstances when § 211(a) provided an absolute bar to judicial review.

We find that Congress' reasons for the enactment of § 211(a), and then § 511(a), outlined by the Supreme Court in *Johnson* apply with full force in this case: "[f]irst, the interpretation would lead to an inevitable increase in litigation with consequent burdens upon the courts and the [VA]" and "[s]econd, Congress was concerned that the judicial interpretation of § 211(a) would involve the day-to-day determination and interpretation of [VA] policy." *Johnson*, 415 U.S. at 372, 94 S.Ct. 1160.

Regardless of how plaintiff chooses to cloak his claims, the Court finds that his suit would force the Court to decide the issue of negligence only as a precursor to a determination regarding the propriety of the denial of benefits to plaintiff. In that regard, his suit is barred by the plain language of § 511(a) and the VJRA, which provide for a limited waiver of sovereign immunity. Thus, plaintiff may only seek review of the adverse determination regarding his benefits and right to medical care through the mechanism established in the VJRA. The Court does not have subject matter jurisdiction to hear the above-

captioned case and it must therefore be dismissed.[2]

## CONCLUSION

Pursuant to the above discussion, defendant's Motion to Dismiss (**Docket # 6**) is **GRANTED** and the above-captioned action shall be **DISMISSED**.

**SO ORDERED.**

grounds for dismissal pursuant to Rule 12(b)(6).

2. Because we find that we lack subject matter jurisdiction to hear the above-captioned case, we shall not delve into defendant's alternate