**Marisol ADORNO–ROSADO, Plaintiff,**

**v.**

**WACKENHUT PUERTO RICO, INC.;
Lucila Ruiz; Warner–Lambert,
Inc.; et al., Defendants.**

**No. CIV. 98–2074(JAF).**

United States District Court,
D. Puerto Rico.

May 4, 2000.

Eric B. Singleton, San Juan, PR, for Plaintiff.

Carl Schuster, Maria Santiago–Ramos, Schuster Usera Aguilo & Santiago, San Juan, PR, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Marisol Adorno–Rosado, filed a sexual harassment suit for monetary damages against, inter alia, Defendants Wackenhut Puerto Rico, Inc. ("Wackenhut"); Warner–Lambert, Inc. ("Warner–Lambert"); and Lucila Ruiz, a Wackenhut Security Guard Group Leader, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 (1988) ("Title VII"), as well as 29 L.P.R.A. §§ 146, 155, and 1321 (1995).

Defendant Warner–Lambert moves to dismiss for lack of subject-matter jurisdiction.

## I.

### Relevant Factual and Procedural History

Plaintiff claims that between August through December of 1995, while working as a Wackenhut security guard at the Warner–Lambert facility in Vega Baja, Puerto Rico, Defendant Ruiz sexually harassed her on numerous occasions. She alleges that after she complained to numerous Wackenhut officials, including three security management officials employed by Warner–Lambert, the corporation demoted her, reduced her remuneration, and, at one time, assigned her to work directly with Defendant Ruiz.

On May 13, 1996, two high-ranking executive officers of Warner–Lambert each allegedly received an identical letter from Plaintiff in which she informed them that she had filed a sexual harassment complaint with their company's Security Department against Defendant Ruiz and that the Security Department had referred the complaint to Wackenhut. In the letter, Plaintiff does not mention any pending or future legal action against Warner–Lambert or Wackenhut.

On June 14, 1996, Plaintiff filed a charge of sexual discrimination against Defendant Ruiz with the Anti–Discrimination Unit of the Department of Labor and Human Services of Puerto Rico ("Department of Labor") and the Equal Employment Opportunity Commission ("EEOC"). In the charge, Plaintiff cited Wackenhut as her employer and Warner–Lambert as the place of employment.

In a letter dated August 12, 1996, the Department of Labor notified Wackenhut that Plaintiff had filed charges against Wackenhut with it and the EEOC pursuant to Title VII and Title 29 of the Puerto Rico Civil Code. The Department of Labor also notified Wackenhut that it should respond to the charges in an evidentiary hearing scheduled for January 10, 1997. The letter made no mention of Warner–Lambert, and Defendant Warner–Lambert

claims that it never received notice of the on-going hearings.

After the Department of Labor had held hearings, Plaintiff, on June 15, 1998, requested authorization to begin litigating her claims in court. In a letter dated June 22, 1998, the Department of Labor authorized Plaintiff to file suit in court and informed her that it would be closing her case before them and advising EEOC to do likewise. Subsequently, Plaintiff filed her present complaint on September 18, 1998.

On July 30, 1999, Defendant Warner–Lambert moved to dismiss the complaint for lack of subject matter jurisdiction. Specifically, Defendant Warner–Lambert contends that Plaintiff, by failing to name it as one of the parties responsible for the alleged discriminatory conduct, did not exhaust administrative remedies against Defendant Warner–Lambert as required by Title VII and, thus, may not bring the present action against the company. Moreover, Defendant Warner–Lambert claims that neither the Department of Labor nor the EEOC summoned it to appear in the hearings investigating Plaintiff's charges, thereby depriving it of the opportunity to defend itself and participate in conciliation as provided by Title VII.

Defendant Warner–Lambert also argues that the statute of limitations has run on Plaintiff's state law claims pursuant to 31 L.P.R.A. § 5298 (1991). Specifically, Defendant Warner–Lambert maintains that Plaintiff had until December 1996, or one year after the alleged discriminatory conduct, to commence her action against it or seek extrajudicial administrative relief. Defendant acknowledges that the Department of Labor's or the EEOC's proceedings would have tolled the statute of limitations during their duration. Nevertheless, since Plaintiff filed the present complaint on September 18, 1998, Defendant Warner–Lambert concludes that we should dismiss the state law claims on statute of limitations grounds. Alternatively, Defendant War-

ner–Lambert maintains that we should not exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff disagrees. She maintains that Defendant Warner–Lambert had full knowledge of the alleged sexual harassment and, thus, had notice of the administrative charge. Furthermore, Plaintiff contends that there exists a "substantial identity" between Defendants Warner–Lambert and Wackenhut which fulfills the jurisdictional filing prerequisites of Title VII. She also asserts that Defendant Warner–Lambert is an indispensable party-under FED. R. CIV. P. 19, and, thus, the notice requirements of Title VII are inapplicable. Since she concludes that Defendant Warner–Lambert was a party to the administrative proceedings, Plaintiff also argues that the statute of limitations has yet to run on her state law claims against the corporation.

## II.

### *Standard under Rule 12(b)(1)*

Under Rule 12(b)(1), a defendant may move to dismiss an action against her based on the lack of federal subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank,* 140 F.3d 12 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1 (1st Cir. 1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209

(1947); *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996) (citation omitted).

## III.

### *Discussion*

Generally, a person must first file a charge alleging a Title VII violation with the EEOC and the authorized state agency before filing an employment discrimination suit in federal court. *See* 42 U.S.C. §§ 2000e–5(c), (d), and (f)(1) (1988); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Equal Employment Opportunity Comm'n v. International Bhd. of Elec. Workers (I.B.E.W.),* 476 F.Supp. 341, 344 (D.Mass. 1979). The EEOC and the state agency then investigate the charge. *See* 42 U.S.C. § 2000e–5(a) (1988). If either agency finds that there is reasonable cause to believe that the charge is true, then they attempt to mediate between the complainant and the named respondents so as to secure the voluntary compliance of the latter with the law. *See id.; Patterson v. McLean Credit Union,* 491 U.S. 164, 180–81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

■ Defendant Warner–Lambert argues that Plaintiff failed to exhaust all administrative remedies as to it because she did not name Warner–Lambert in her EEOC charge as a person partly or wholly responsible for the alleged sexual harassment of her. As a rule, a person not named in the EEOC charge is not subject to a Title VII suit. *See* Betsy Williams, *When May Person Not Named as Respondent in Charge Filed with Equal Employment Opportunity Commission (EEOC) Be Sued Under Title VII of Civil Rights Act of 1964 (42 USCS §§ 2000e Et Seq.),* 121 A.L.R. FED. 1, 33–34 (1994). However, Plaintiff argues that two principal exceptions to this rule apply in her case.

First, Plaintiff contends that FED. R. CIV. P. 19 permits joinder of Defendant Warner–Lambert in the Title VII suit, even though she did not name it in the EEOC or local agency charge. Courts have held that the failure of a Title VII plaintiff to name a person as a respondent in the administrative charge filed with the EEOC and authorized state agency does not preclude the joinder of that person to a subsequent Title VII action pursuant to FED. R. CIV. P. 19. *See, e.g., Eldredge v. Carpenters 46 Northern Cal. Counties Joint Apprenticeship and Training Comm.,* 662 F.2d 534, 536–37 (9th Cir. 1981); *Forsberg v. Pacific Northwest Bell Tel. Co.,* 622 F.Supp. 1147, 1149 (D.Or. 1985); *Hawkins v. Allis–Chalmers Corp.,* 527 F.Supp. 895, 897 (W.D.Mo.1981); *Curran v. Portland Superintending Sch. Comm.,* 435 F.Supp. 1063, 1074 (D.Me. 1977).

■ Furthermore, Rule 19 provides for a two-step process to determine the feasibility of joining a person as a party to an action. *See Pujol v. Shearson/Am. Express, Inc.,* 877 F.2d 132, 134 (1st Cir. 1989); *Local 670, United Rubber, Cork, Linoleum and Plastic Workers of Am., AFL–CIO v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of Am., AFL–CIO,* 822 F.2d 613, 618 (6th Cir.1987). Rule 19(a) embodies the first step:

(a) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action in his absence is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

FED. R. CIV. P. 19(a). Thus, if the court finds that the person should be joined, i.e., is necessary, then the court must join that person if it can exercise personal jurisdiction over that person. *See United Rubber,* 822 F.2d at 618. In the absence of personal jurisdiction, the court should proceed to Rule 19(b) to determine whether the person is indispensable. When applying Rule 19, a court should consider the practicalities of the individual case. *See Pujol,* 877 F.2d at 134 (citing *Provident Tradesmens Bank v. Patterson,* 390 U.S. 102, 106–07, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)); *Smith v. United Bhd. of Carpenters and Joiners of Am.,* 685 F.2d 164, 166 (6th Cir.1982).

■ Here, Plaintiff maintains, without explanation, that Defendant Warner–Lambert is an indispensable party. Defendant Warner–Lambert disputes this contention. Defendant maintains that Plaintiff's right to relief would remain unchanged even if we dismissed it from the Title VII suit and that it does not have a strong interest in the subject matter of this case. Since Plaintiff seeks only monetary damages for the alleged Title VII violations, we find that she can still secure complete relief from Defendants other than Warner–Lambert. Additionally, because Defendant Warner–Lambert does not claim a significant interest in this case, we find that it is not a necessary party. We need not proceed any further in the Rule 19 analysis.

Plaintiff also argues that a "substantial identity" exists between Defendants Warner–Lambert, Wackenhut, and Ms. Ruiz so as to permit her to bring a Title VII suit against Defendant Warner–Lambert in federal court. Although the First Circuit has not directly addressed what constitutes substantial identity between parties, other circuits have tackled the issue and provide guidance. *See Chatman v. Gentle Dental Ctr. of Waltham,* 973 F.Supp. 228, 234 (D.Mass.1997) (finding that First Circuit has not directly decided the issue); *see also McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir.1996) (mentioning, without discussion, substantial identity exception). The Third Circuit has proposed four factors to determine if an "identity of interests" exist between named and unnamed parties:

(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977) (remanding to district court for consideration of factors); *see also Virgo v. Riviera Beach Assocs.,* 30 F.3d 1350, 1359 (11th Cir.1994) (establishing similar factors to find an identity of interests).

The Second Circuit adopted the *Glus* factors in *Johnson v. Palma,* 931 F.2d 203, 209–210 (2d Cir.1991). In *Palma,* the court affirmed the dismissal of an unnamed party from a Title VII suit. The court reasoned that: (1) the plaintiff could have ascertained the role of the unnamed party in the alleged discrimination and named same in the administrative charge; (2) the unnamed party was not necessary to the conciliation process; (3) the unnamed party's participation in the administrative proceedings could have prejudiced it since it played no role in the cause of the dispute; and (4) the unnamed party did not represent to the complainant that the named party represented its interests or was otherwise its agent. *See id.* at 210. The Second Circuit also found that even if the unnamed party knew of the charges

against the named party, this knowledge did not constitute notice of charges against it. *See id.*

Similarly, the Eighth Circuit has held that where an unnamed party has been provided notice of the charge and given an opportunity to participate in conciliation proceedings aimed at voluntary compliance, Title VII's condition precedent to bringing a federal suit has been satisfied. *See Greenwood v. Ross,* 778 F.2d 448, 450–51 (8th Cir.1985) (citations omitted); *see also Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir.1989) (holding that exception to general rule that "a party named in Title VII suit must have been named in a previous EEOC charge exists where 'an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.' ") (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981)).

In *Greenwood,* the Eighth Circuit found that an identity of interests existed between two unnamed defendants, the chancellor and athletic director of the University of Arkansas ("the University"), and the named defendant, the University. The court found the following facts to be significant: (1) the unnamed defendants "were supported and directed by and acted on behalf of [the University] in [its] employment relationship with appellant;" (2) the unnamed defendants had notice of the proceedings against them and were represented by counsel; and (3) the unnamed defendants were aware of the possibility of conciliation at an early stage in the administrative proceedings. *Id* at 451. Similarly, the Eighth Circuit found an identity of interest between the University and its Board of Trustees, another unnamed defendant, because the latter was the governing body of the University and it had participated through counsel throughout the EEOC proceedings. *See id.*

In sum, these federal cases support the proposition that a party, at least, should have received notice of an administrative charge that could include them and had the opportunity to participate in conciliation efforts before a complainant can bring a Title VII suit against it. *See Chatman,* 973 F.Supp. at 235 (summarizing case law of other circuits); *I.B.E.W.,* 476 F.Supp. at 345 (finding that the attempt to conciliate is crucial since "securing voluntary compliance is the central purpose of the administrative apparatus created by Title VII") (citation omitted).

Accordingly, in this case, Defendant Warner–Lambert contends, and Plaintiff does not dispute, that it never received notice of the administrative charge against Defendants Wackenhut and Ruiz, and that it did not have an opportunity to participate in the administrative proceedings. Furthermore, in the appropriate caption of her charge of discrimination, Plaintiff named only Defendants Wackenhut and Ruiz. Within the body of the complaint, Plaintiff's single mention of Defendant Warner–Lambert is as the location of her employment. By contrast, she describes in detail how Defendants Ruiz and Wackenhut, through its Personnel Director, discriminated against her. Thus, we find that Defendant Warner–Lambert neither received notice of the administrative charge nor had an opportunity to represent its interests before the EEOC or authorized local agency. *See Sosa v. Hiraoka,* 920 F.2d 1451, 1459 (9th Cir.1990) (reversing dismissal of defendants because plaintiff's specific allegations in the administrative charge of their discriminatory conduct should have enabled them to anticipate becoming a party in subsequent Title VII suit); *Maldonado–Cordero v. AT & T,* 73 F.Supp.2d 177, 186 (D.P.R.1999) ("[N]aming a party in the narrative section of the charge, even if omitted in the caption, is sufficient to satisfy the charging requirement of 42 U.S.C. § 2000e–5(f)(1)

where the discrimination the party is alleged to have engaged in is described with particularity.") (citations omitted); *Lange v. Cigna Individual Fin. Servs.,* 759 F.Supp. 764, 768–69 (D.Kan.1991) (finding that Title VII action was properly brought against defendants who were not named as respondents in plaintiff's EEOC charge but were specifically named in affidavit which set forth sufficient facts to support plaintiff's discrimination claim).

Our finding is consistent with the precedent of the other circuits. Factually similar to *Palma* and *Greenwood,* Plaintiff's Title VII suit against Defendant Warner–Lambert merits dismissal because: (1) Plaintiff knew and specifically mentioned in the body of the administrative charge those who had sexually harassed her; (2) Defendant Warner–Lambert was not necessary to the conciliation process since Defendant Wackenhut could have remedied the alleged sexual harassment of its own accord; (3) although Defendant Warner–Lambert knew of Plaintiff's allegations, it did not have notice of the administrative charges against it or Defendant Wackenhut; and (4) Defendant Warner–Lambert was not aware of the possibility of conciliation nor did it participate in any such proceedings. *See Palma,* 931 F.2d at 210; *Greenwood,* 778 F.2d at 451.

Lastly, although our finding removes a Defendant from Plaintiff's Title VII suit due to her failure to fully comply with procedural requirements, we feel confident that she may still secure complete redress of her grievances. *See Glus,* 562 F.2d at 888 (identifying policy tensions created by the Title VII's prerequisites to bringing a federal suit). Our decision also promotes "the goal of conciliation without resort to the already overburdened federal courts." *Id.*

Having found that Plaintiff may not bring a Title VII action against Defendant Warner–Lambert, we consequently decline to exercise supplemental jurisdiction over the associated state law claims against Defendant Warner–Lambert. *See Rivera v.*

*Murphy,* 979 F.2d 259, 264 (1st Cir.1992) (quoting *Cullen v. Mattaliano,* 690 F.Supp. 93 (D.Mass.1988) ("it is the settled rule in this Circuit that in a non-diversity case, where pendent state claims are joined with a federal cause of action and that federal cause of action is [dismissed] ... the pendent state claims should be dismissed")).

## IV.

### *Conclusion*

In accordance with the foregoing, we GRANT Defendant Warner–Lambert's motion to dismiss for lack of subject matter jurisdiction, *Docket Document No. 14,* and, concomitantly, DECLINE to exercise supplemental jurisdiction over the state law claims relating to Defendant Warner–Lambert.

**IT IS SO ORDERED.**