Nayda **ECHEVARRIA VAZQUEZ,**
Plaintiff,

v.

**HYATT HOTELS OF PUERTO RICO, INC., et al., Defendants.**

Civil No. 00–1821(HL).

United States District Court,
D. Puerto Rico.

Jan. 23, 2001.

Gustavo A. Martinez–Tristani, San Juan, PR, for Nayda Echevarria Vazquez.

Maggie Correa–Aviles, Ruben T. Nigaglioni, McConnell Valdes, San Juan, PR Maria V. Munera–Pascual, San Juan, PR, for Hyatt Hotels of Puerto Rico,Inc., Hyatt Vacation Ownership, Inc.

Santos Pabon, Dorado, PR, pro se.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion to dismiss filed by Defendants Hyatt Hotels of Puerto Rico, Inc. ("Hyatt Hotels") and Hyatt Vacation Ownership, Inc. ("Hyatt Vacation"). Dkt. No. 11. Plaintiff Nayda Echevarria Vazquez ("Echevarria") has filed her opposition. Dkt. No. 25. Hyatt Hotels and Hyatt Vacation move to dismiss this case on the ground that Echevarria failed to include them in her administrative charge before the EEOC. Echevarria opposes the motion to dismiss on the ground that her administrative charge was sufficient to comply with Title VII's charging requirements.

## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160,

122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). Echevarria brings a claim for sexual harassment under Title VII. This statute requires a plaintiff to bring a timely administrative claim before filing in federal court. See 29 U.S.C.A. § 626(d) (West 1999); 42 U.S.C.A. § 2000e–5(e)(1) (West 1994). Both sides agree that Echevarria timely filed her administrative claim. Defendants Hyatt Hotels and Hyatt Vacation move to dismiss Echevarria's claim because she failed to name them in her administrative charge. *See* 42 U.S.C.A. § 2000e–5(f) (West 1994) (stating that a "civil action may be brought against the respondent named in the charge").

The purpose of the requirement that a plaintiff name the defendant in the administrative charge is to "ensure that the defendant has notification of the pending proceedings, and ... [to further] the goal of voluntary compliance with Title VII." *McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir.1996). According to Defendants, Echevarria's failure to include them in her charge requires that her claims against them be dismissed.

Although as a general matter a defendant must have been named in the plaintiff's administrative charge, the First Circuit has recognized a series of exceptions to this rule. The exceptions include,

> (1) if there was 'substantial identity' between the respondent named in the EEOC charge[ ] and defendants in the civil action; (2) if the named respondent acted as the 'agent' of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an 'indispensable party' under Fed.R.Civ.P. 19 in order to accord complete relief to the parties.

*McKinnon,* 83 F.3d at 505 (quoting *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063, 1074 (D.Me. 1977). In this case, the entity named in the administrative charge, Hyatt Hacienda del Mar, is merely the name under which Defendants do business. Echevarria does not argue that Hyatt Hacienda del Mar is the agent of Hyatt Hotels or Hyatt Vacation, nor does she argue that these defendants are indispensable parties to this litigation. She argues instead that there is substantial identity between Hyatt Hacienda del Mar on the one hand .and Hyatt Hotels and Hyatt Vacation on the other.

In *Adorno–Rosado v. Wackenhut Puerto Rico, Inc.,* 98 F.Supp.2d 181 (D.P.R.2000), this Court engaged in a thorough survey of the case law governing the determination of what constitutes substantial identity in such cases. Although the First Circuit has not yet illuminated the meaning of substantial identity, other circuits provide fairly uniform interpretations. *Adorno–Rosado,* 98 F.Supp.2d at 185–86. This Court has found most persuasive the analysis used by the Third Circuit in *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir. 1977), although those used by the Eleventh, Second, and Eighth Circuits are close approximations. *See Virgo v. Riviera Beach Assocs.,* 30 F.3d 1350, 1359 (11th Cir.1994); *Johnson v. Palma,* 931 F.2d 203, 209–10 (2nd Cir.1991); *Greenwood v. Ross,* 778 F.2d 448, 450–51 (8th Cir.1985).

The test set out by the Third Circuit involves weighing several factors. These include

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as [*sic*] the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that

its relationship with the complainant is to be through the named party.

*Glus*, 562 F.2d at 888.

At the time that Echevarria filed her EEOC charge, she was likely acting *pro se*, as do most plaintiffs at this stage of the proceedings. In her charge, Echevarria named Hyatt Hacienda del Mar as her employer. Taking Echevarria's allegations as true, Defendants Hyatt Hotels and Hyatt Vacation have repeatedly represented themselves as Hyatt Hacienda del Mar to Echevarria. Further, in various documents and stationery, Echevarria has seen references to her employer as Hyatt Hotels of Puerto Rico, Inc., Hyatt Dorado Beach Corp., HR Cerromar Beach, Hyatt Vacation Ownership, Inc., Hyatt Vacation Club, and Cerromar Development Partnership, L.P.S.E. Thus, it can not seriously be argued that Echevarria, a housekeeping employee of Defendants, was unreasonable in naming Hyatt Hacienda del Mar in her EEOC charge.

As for the second factor in the balance, there is no reason for the Court to believe, and none is given by Defendants, that the interests of Hyatt Hacienda del Mar differ from those of Hyatt Hotels and Hyatt Vacation. The third factor requires the Court to inquire into whether Defendants suffered prejudice as a result of their absence from the EEOC proceedings. In this case, Defendants Hyatt Hotels and Hyatt Vacation "did not participate in the investigation, conciliation, or other administrative proceedings." Dkt. No. 11. The Court seriously doubts whether a defendant's inability to participate in the EEOC proceedings can constitute prejudice resulting from a defendant's non-participation in those very EEOC proceedings. Further, taking Echevarria's allegations as true, Defendants were notified of the EEOC proceedings at their proper address, albeit through the name Hyatt Hacienda del Mar. In addition, Echevarria asserts that Defendants made an appearance at the proceedings through counsel Edwin J. Guillot. Thus, Defendants suffered no apparent prejudice as a result of their misnomer in the EEOC charge.

Finally, the Court examines whether Defendants represented to Echevarria that they would interact with Echevarria through Hyatt Hacienda del Mar. As discussed previously, Defendants repeatedly represented themselves as Hyatt Hacienda del Mar in their dealings with Echevarria.

Because all of the factors, as applied to the facts of this case, tilt in one direction, the Court finds that there is substantial identity between Hyatt Hacienda del Mar on the one hand and Hyatt Hotels and Hyatt Vacation on the other. Accordingly, Echevarria's administrative charge was sufficient to support a claim against Defendants Hyatt Hotels and Hyatt Vacation.

WHEREFORE, the Court denies the motion to dismiss. Defendants shall file their answer to the complaint by February 16, 2001.

**IT IS SO ORDERED.**