**Ada RIVERA, Plaintiff,**

v.

**Janet RENO, Attorney General, U.S. Department of Justice, Federal Bureau of Prisons, Defendant.**

**No. 00–1713 (RLA).**

United States District Court, D. Puerto Rico.

Dec. 20, 2001.

---

Gabriel I. Peñagarícano, San Juan, PR, for Plaintiff.

A.U.S.A. Fidel A. Sevillano–Del–Rio, U.S. Attorney's Office, Civil Division, San Juan, PR, for Defendant.

**1.** Exhibit B to plaintiff's Amended Complaint, docket No. 8.

## ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION

ACOSTA, District Judge.

Before the Court is defendant's Motion to Dismiss the Complaint and/or for Summary Judgment, contending that plaintiff failed to exhaust her administrative remedies before the Equal Employment Opportunity Commission. In the alternative, defendant argues that by filing this civil action pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, plaintiff waived all the benefits she obtained through prior administrative proceedings, including those granted by the Equal Employment Opportunity Commission (EEOC) through its Order of March 24, 2000,[1] so that the Court will have to hear the entire case *de novo.*

Plaintiff opposes, arguing that she is entitled to have a trial on compensatory damages *only,* without having to prove the underlying discrimination. She contends that in filing this civil action she is not appealing any element of the EEOC's Order other than its failure to grant her compensatory damages that were recommended by the EEOC's Administrative Judge in the Findings and Conclusions issued on October 2, 1997.[2]

### Motion to Dismiss

 Rule 12(b)(1) Fed. R. Civ. P. permits a defendant to assert a claim that the Court lacks subject matter jurisdiction to entertain an action. If a Court determines as a threshold matter that subject matter jurisdiction does not exist, it must dismiss the case without proceeding to a determination on the merits. *Menendez v. United States,* 67 F.Supp 2d 42 (D.Puerto Rico 1999). Where subject matter jurisdiction

**2.** Exhibit A to plaintiff's Amended Complaint.

is lacking, dismissal, not summary judgment, is the appropriate disposition. *Mac-Kay v. Pfeil,* 827 F.2d 540, 543 (9th Cir. 1987). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Aybar v. Crispin–Reyes,* 118 F.3d 10, 13 (1st Cir.1997).

## Plaintiff Failed to Exhaust Her Remedies With the EEOC

■ A federal employee must pursue and exhaust her remedies as a jurisdictional prerequisite to filing a Title VII action. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 832–833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Supreme Court reaffirmed this requirement in a more recent decision discussing the purpose of Title VII's Section 717.

Justice Breyer stated:

Section 717's general purpose is to "remedy discrimination in federal employment. It does so in part by creating a dispute resolution system that requires a complaining party to pursue administrative relief prior to court action, thereby encouraging quicker, less formal, and less expensive resolution within the Federal Government and outside of court." *West v. Gibson,* 527 U.S. 212, 119 S.Ct. 1906, 1910, 144 L.Ed.2d 196 (1999).

■ Plaintiff admits that she did not file a request for reconsideration with the EEOC regarding the failure to award her compensatory damages and that she opted to file this civil action instead. Plaintiff made no appropriate effort which was open to her to have the compensatory damages claims reviewed administratively thereby thwarting the "quicker, less for-

mal, and less expensive resolution" envisioned by Section 717. *Brown, supra.* A reconsideration could have addressed, among other matters, evidence not readily available or could have asked for review of an erroneous interpretation of law, regulation, or material fact. 29 C.F.R § 1614 .405 (2001).

Because plaintiff failed to properly pursue her compensatory damages claim with the EEOC, we find she is barred from doing so in a civil lawsuit. *See, e.g., Muñoz v. Aldridge,* 894 F.2d 1489, 1492–93 (5th Cir.1990) (It is contrary to the purpose of the exhaustion requirement to allow a claimant to pursue a claim in district court which he failed to raise during the administrative proceeding).

Having reviewed the pleadings and caselaw, it is clear that plaintiff's compensatory damages claim was not properly exhausted. Defendant's motion to dismiss (**docket No. 18,** filed on May 29, 2001) is hereby GRANTED.

This action is hereby REMANDED [3] to the Office of Federal Operations of the Equal Employment Opportunity Commission for reconsideration of its March 24, 2000 order which omitted an award of compensatory damages to plaintiff. *See* 29 CFR § 1614.604(c).

IT IS SO ORDERED.

■

---

3. Although plaintiff did not file a request for reconsideration with the EEOC regarding the failure to make an award of compensatory damages after the ALJ's finding that she was entitled to one, which precludes bringing the issue to this Court, she cannot be left in a "catch 22" situation.