Enrique **FERNANDEZ MOLINARY,** et als., Plaintiffs,

v.

**INDUSTRIAS LA FAMOSA, INC.,** et als., Defendants.

**Civil No. 01–2155(DRD).**

United States District Court, D. Puerto Rico.

April 25, 2002.

---

Ada A. Garcia–Medina, Cond. Madrid, Santurce, PR, for Plaintiffs.

Manuel A. Quilichini–Garcia, Quilichini & Fernandez–Amy, Edgar F. Balzac–Rivera, Gonzalez–Nieto, Garcia Feliciano & Balzac, San Juan, PR, for Defendants.

### *OPINION AND ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is co-Defendants', Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc. ("co-Defendants"), Motion to Dismiss, pursuant FED.R.CIV.P. 12(b)(1) and 12(b)(6). (Docket No. 17). For the reasons stated below, their motion to dismiss is **GRANTED.** Plaintiffs' complaint is thus **DISMISSED WITH PREJUDICE** as to Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc. (Docket No. 17).

## I

### FACTUAL BACKGROUND

Plaintiff, Enrique Fernandez, began working for co-Defendants, in August of

1987, as a Quality Control Technician, performing supervisory and managerial functions. Eventually, he substituted the Supervisor of Manufacturing.[1] In 1992, co-Defendants appointed Angel Martinez as the new Production Supervisor. Plaintiffs claim that he began being discriminated. Plaintiffs allege that Mr. Martinez stated, in front of other managers, supervisors and employees, that the Company wanted "to clean the house of older employees." Mr. Martinez allegedly also made derogatory remarks related to Plaintiff's age, and uttered threats insinuating that the Company would be making some changes regarding employees of advanced age. Additionally, in 1993, co-Defendants appointed a younger Angel Hernandez as Floor Supervisor. Plaintiff avers that Mr. Hernandez also made derogatory remarks regarding Plaintiff's age, and constantly made reference to Plaintiff's physical condition, diminished sight and audition, and his gray hair.

On May 21, 1999, Plaintiff was summoned to appear to a unscheduled meeting. There, his employer informed him that he was being terminated. Furthermore, he was informed that, due to the economic difficulties the company was experiencing, he would not receive a severance package. The complaint states that a younger, inexperienced employee assumed his duties.

Soon thereafter, the union representing the employees filed charges against the Company before the National Labor Relations Board alleging that Plaintiff's termination was contrary to established procedures, as required under the collective bargaining agreement. Plaintiff claims that his rights were violated because co-Defendants failed to properly notify him and follow the proper procedures for lay-offs and plant closings. According to the Complaint, Plaintiff also filed the corresponding discriminatory charges before the Equal Employment Opportunity Commission as well as before Puerto Rico's Anti–Discriminatory Unit ("ADU") to no avail.[2]

On June 20, 2001, the ADU issued a right-to-sue letter, thereafter, on August 29, 2001, Plaintiffs filed the instant Complaint. co-Defendants were served with process on September 11, 2001. On November 20, 2001, co-Defendants filed a Motion to Dismiss (Docket No. 17). Plaintiffs were required to file opposition thereto within ten (10) days, Plaintiffs' opposition was due on December 7, 2001. However, co-Defendants' motion to dismiss, to this day, remains' unopposed. The Court has reviewed the record. For the reasons stated below, co-Defendants' Motion to Dismiss is **GRANTED.**

## II

### MOTION TO DISMISS STANDARD

■ A defendant may, in response to an initial pleading, file a motion to dismiss the complaint for lack of jurisdiction over subject matter and for failure to state a claim

---

1. He was also recognized as employee of the year.

2. Discriminatory charges must be filed before the Equal Employment Opportunity Commission ("EEOC"). However, if a non-federal fair employment practices ("FEP") agency is authorized to investigate the charge it must then be filed with the EEOC or the FEP agency. The Anti Discrimination Unit ("ADU") of the Commonwealth of Puerto Rico Department of Labor is considered by the EEOC as the "FEP agency", save for "charges alleging violations of Title VII by agencies or instrumentalities of the Government of Puerto Rico" in which case "it shall be deemed a 'Notice Agency.'" 29 C.F.R. § 1601.74 n. 5. *See also Colon Quiles v. American Airlines,* 133 F.Supp.2d 151, 156 (D.P.R. 2001).

upon which relief can be granted. *See* FED.R.CIV.P. 12(b)(1) and 12(b)(6), respectively.[3] When faced with a motion to dismiss under both, 12(b)(1) and 12(b)(6), "a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Northeast Erectors Asso. v. Secretary of Labor*, 62 F.3d 37, 39 (1st Cir.1995) (*citing Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). Therefore "[a]s a general matter, trial courts should give Rule 12(b)(1) precedence." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir.2000). "It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to sate a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6); for example, dismissal under the former, not being on the merits, is without res judicata effect." *Northeast Erectors Asso. v. Secretary of Labor*, 62 F.3d 37, 39 (1st Cir.1995). If the Court determines that subject matter jurisdiction does not exist it must dismiss the case and not make any determination on the merits of the case. *See Menendez v. United States*, 67 F.Supp.2d 42, 45 (D.P.R.1999). In the instant case, the Court shall give precedence to the jurisdiction ever subject matter under which the co-Defendants have requested dismissal. Therefore, the Court, in applying Rule 12(b)(1), must review the appropriate standard applicable under subsection (b)(1).

▮ As with Rule 12(b)(6) motions, when considering a motion to dismiss un-

der FED.R.CIV.P. 12(b)(1) "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996) (*citing Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995)); *see also Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).[4] However, the burden of proving that subject matter jurisdiction exists does not fall on the defendant, but on the plaintiff. *Aversa*, 99 F.3d at 1209.[5] Another significant difference is that under Rule 12(b)(1) the Court is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) (holding generally that the District Court has the authority to consider questions of jurisdiction on the basis of affidavits as well as the pleadings); *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1236 (1st Cir.1991); *Rodriguez v. S K & F Co.*, 833 F.2d 8, 9 (1st Cir.1987); *McCarthy v. United States*, 850 F.2d 558 (9th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989). And while it is a correct assertion that Rule 12(b) allows the Court to convert the motion to dismiss into a motion for summary judgment when the parties have added documents outside of the pleadings used by the Court in reaching its determi-

---

**3.** "The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects." *Mortensen v. First Federal Sav. & Loan Asso.*, 549 F.2d 884, 891 (3rd Cir.1977).

**4.** *But see Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235–1236 (1st Cir.1991) (when the plaintiff is chal-

lenged over diversity subject matter jurisdiction "[n]o presumption of truthfulness attaches to the allegations.")

**5.** "[I]f a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." *See Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

nation,[6] nonetheless, under Rule 12(b)(1) the Court may consider materials outside of the pleadings of the action, such as affidavits and testimony, **"without converting the motion to dismiss into one for summary judgment."** *Menendez v. United States,* 67 F.Supp.2d 42, 45 (D.P.R. 1999) (*citing Caribbean Mushroom Co., Inc. v. Government Development Bank,* 980 F.Supp. 620, 622 (D.P.R.1997); *Moreno v. John Crane, Inc.,* 963 F.Supp. 72, 73 (D.P.R.1997)) (emphasis added). The reasoning for the above formulation is that "[t]he Court, without conversion, may consider extrinsic materials and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegation." *Dynamic Image Technologies, Inc. v. United States,* 221 F.3d 34, 37 (1st Cir.2000). Further, summary judgement is not appropriate when addressing the issue of subject matter jurisdiction under Rule 12(b)(1), because said mechanism requires disposition of the case **on the merits.** *See Rivera v. Reno,* 178 F.Supp.2d 78 (D.P.R.2001) (citing *MacKay v. Pfeil,* 827 F.2d 540, 543 (9th Cir.1987)). Expressed alternately, using summary judgement would be the equivalent of absurdly stating that the plaintiff may lose the case on the merits simply because the court does not have jurisdiction. *See Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987). Moreover, "when a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgment on the merits of the case." *Christopher v. Stanley–Bostitch, Inc.,* 240 F.3d 95, 100 (1st Cir. 2001).

In the instant case Defendant's motion to dismiss was accompanied with affidavits which attempt to show the lack of subject matter jurisdiction under Rule 12(b)(1), as well as the inexistence of any genuine issue of material fact. The Court has considered these documents in reaching its determination. Accordingly, co-Defendants' motion is adjudicated under the standards set forth above for motions under Rule 12(b)(1) for lack of subject matter jurisdiction, without converting co-Defendants' motion into one for summary judgement under FED.R.CIV.P. 56.

## III

## EXHAUSTING ADMINISTRATIVE REMEDIES

From the outset, the Court underscores that **co-Defendants' motion remains unopposed.** Pursuant to Local Rule 311.5, "[i]f the respondent opposes a motion, [he] shall file a response within ten (10) days after service of the motion, including brief and such supporting documents as are then available ...." Failure to respond renders a party susceptible to involuntary dismissal for failure to prosecute, pursuant to FED.R.CIV.P. 41(b);[7] *see also* Local Rule

---

6. *See Garita Hotel, Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 18–19 (1st Cir.1992); *C.B. Trucking, Inc. v. Waste Management, Inc.,* 137 F.3d 41, 43 (1st Cir.1998).

7. Rule 41(b) expressly authorizes a district court to dismiss a case with prejudice for "failure of the plaintiff to prosecute or to comply with ... any order of court...." A district court's "choice of remedy under Rule 41(b) is reviewable only for abuse of discretion." *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.,* 847 F.2d 908, 916–17 (1st Cir.1988). And claims of such abuse of discretion typically "have not received a sympathetic ear from" the First Circuit. *Damiani v. Rhode Island,* 704 F.2d 12, 17 (1st Cir. 1983). This "does not mean [the First Circuit] rubber-stamp[s] the decisions of the district court." *Id.* Dismissal with prejudice "is a harsh sanction," *Richman v. General Motors Corp.,* 437 F.2d 196, 199 (1st Cir.1971), which runs counter to that Court's "strong policy favoring the disposition of cases on the merits." *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710, 712 (1st Cir.1977).

313.3. Although the Court may end its analysis here and dismiss the case for failure to prosecute, the Court nonetheless addresses and grants co-Defendants Motion to Dismiss under Rule 12(b)(1), for lack of subject matter jurisdiction of this Court. Therefore, the Court accepts as true the facts alleged in the complaint (excepting, of course, the questioned jurisdictional matter). *Aversa,* 99 F.3d at 1210.

In the instant case, Plaintiffs filed a complaint against the co-Defendants for contravening the Age Discrimination in Employment Act, 29 U.S.C. Sec. 626 et. seq., matter for which this Court may acquire jurisdiction if the defendant has been named previously and included as a respondent in EEOC charge.[8] As a general rule, the failure to name a party in the EEOC complaint precludes a later civil action against that party. *See McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir.1996) (*citing Curran v. Portland Super. Sch. Committee,* 435 F.Supp. 1063 (D.Me.1977)) (*citing Echevarria Vazquez v. Hyatt Hotels of Puerto Rico, Inc.,* 127 F.Supp.2d 274, 275 (D.P.R.2001)); *Equal Employment Opportunity Commission v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1092 (6th Cir.1974); *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir.), *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). The purpose of the requirement that a plaintiff name the defendant in the administrative charge is to "ensure that the defendant has notification of the pending proceedings, and [to further] the goal of voluntary compliance with Title VII." *McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir.1996).

However, the First Circuit has recognized a series of exceptions to this well engrained rule. The exceptions include: "(1) if there was 'substantial identity' between the respondent named in the EEOC charge and co-Defendants in the civil action; (2) if the named respondent acted as the 'agent' of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an 'indispensable party' under FED.R.CIV.P.19 in order to accord complete relief to the parties." *McKinnon,* 83 F.3d at 505 (*quoting Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063, 1074 (D.Me.1977)); *see also Echevarria Vazquez,* 127 F.Supp.2d at 274–276.

## IV

## APPLICATION

█ In the instant case, Plaintiff failed to exhaust all administrative remedies with regards to co-co-Defendants, Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc., because he failed to identify as respondents these companies in the EEOC complaint. Thus, he is precluded from prosecuting this civil action against said companies. *McKinnon,* 83 F.3d at 505. Moreover, Plaintiff's' complaint does not state specifically for which defendant company Mr. Fernandez worked as an employee.

Co–Defendants allege in their motion to dismiss that they were never notified nor included as parties in the EEOC claim as employers, which Plaintiffs were required to include under 29 U.S.C. § 626(d). Further, co-Defendants have presented evidence that they had no relationship with co-Defendants Industrias La Famosa, Inc.,

---

8. The relevant statute provides that a civil action may be brought in an United States District Court only when the employer was "named in the (EEOC) charge." 42 U.S.C.A. 2000e 5(f)(1).

Empresas La Famosa and WILCOX, LTD., evidence that this Court must consider and that Plaintiffs have failed to rebut. Plaintiffs have simply remained silent as to these critical issues.

The Court can't assume from the complaint that Mr. Fernandez worked for **all** of the defendant companies; and neither does the fact that the Plaintiff had worked for **one of the defendant companies** means automatically that **all** defendant companies should be likewise considered employers. Furthermore, Plaintiffs have failed to state even a **possible relationship** between the appearing co-Defendant Companies and the others co-Defendants. Plaintiffs have not even argued that co-Defendants Empresas La Famosa, Inc., Empresas La Famosa, Inc., Wilcox, Ltd, or Borden Foods, Inc. were principals and that co-co-Defendants Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc. were agents of the principals and/or viceversa. Neither do they allege that there is **substantial identity** between them, nor that co-Defendants Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc. are **indispensable parties** to this litigation. Plaintiffs, again, have chosen not to address these potential determinative issues.

Therefore, even accepting all well-pleaded facts as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiffs have made no specific and substantiated proffer regarding co-Defendants Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc. *Aversa,* 99 F.3d at 1210. There-fore, the aggrieved party has failed to raise any genuine issues of fact in the complaint that could have defeated the motion. Further, in addition to their lack of any opposition to the request, Plaintiffs have failed to explain competently the total lack of exhaustion to include as respondents in the EEOC charge the Borden and Sterling named co-defendants. Thus, Plaintiff's claims are dismissed with respect to co-Defendants Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc.

## V

## CONCLUSION

The original scope of the claim, even under a liberal reading, does not allow an inference that the co-Defendants, Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc., where included in the in the administrative (EEOC) charge nor that they are within any of the three recognized exceptions for lack of inclusion authorized in *McKinnon,* 83 F.3d at 505. Accordingly, this Court lacks subject matter jurisdiction (for failure to exhaust administrative remedies) to entertain plaintiff's complaint against the appearing co-Defendants.

**WHEREFORE,** pursuant to FED. R.CIV.P. 12(b)(1), co-Defendants' Motion to Dismiss is **GRANTED.** Accordingly, the Court **DISMISSES WITH PREJUDICE** the case with respect to co-Defendants Borden Puerto Rico Supply and Sterling Merchandisers, Productos Borden, Inc. and Borden Foods P.R., Inc. (Docket No. 17).[9] The Court notes however that the

---

9. The Court will refrain from issuing a partial judgement at this time. The First Circuit strongly disfavors partial judgements as they foster piecemeal appeals. *See Nichols v. Ca-* *dle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again,

case will remain pending and continue with respect to the other co-Defendants.

**IT IS SO ORDERED.**

that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("this final judgement rule ... furthers 'the strong congressional policy against piecemeal review.'") *Id.* (quoting *In re Continental Investment Corp.,* 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority,* 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir.1986); see also *United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).